**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| LAGUNITAS BREWING COMPANY dba ) <br> CERVECERIA LA TROPICAL, and ) <br> LA TROPICAL HOLDINGS B.V., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SOLTURA, LLC dba BUCANERO USA, ) <br> ) <br> Defendant. ) <br> _____ ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Lagunitas Brewing Company d/b/a Cerveceria La Tropical ("La Tropical") and La Tropical Holdings B.V. ("Holdings") (together referred to herein as "Plaintiffs") bring this Complaint against Defendant Soltura, LLC d/b/a Bucanero USA ("Soltura" or "Defendant"), for (1) declaratory judgment of non-infringement of Soltura's claimed trademark and trade dress for its PALMA beer; (2) false advertising under Section 43(a) of the Lanham Act; (3) copyright infringement under the Copyright Act; (4) violation of the Florida Deceptive and Unfair Trade Practices Act; and (5) for cancellation of Soltura's federal trademark registration for the PALMA & Design mark. In support of their Complaint, Plaintiffs allege the following:

## INTRODUCTION

1.      In 1888, the Blanco Herrera family established Cuba's oldest brewery, Cervecería La Tropical, in Havana, Cuba, on a one hundred acre tract of land purchased from the Kohly family. The La Tropical brewery produced a beer under the name "La Tropical" and in the 1920s, introduced a lighter version of "La Tropical" beer branded as "Cristal," which over the ensuing

1

decades became Cuba's most popular beer. At its height, the brewery accounted for over 60% of all beer production in Cuba.  That is until the 1960s, when the assets of the Blanco Herrera and Kohly families were illegally confiscated and nationalized in the Cuban revolution. Impoverished, they were forced to flee and resettled in Miami, Florida.

2.      In 1998, after mortgaging his home and raising money from the Cuban American community in Miami, a descendant of the Kohly family, in collaboration with a member of the Blanco Herrera family, began brewing and selling La Tropical beer once again, this time in Miami. In 2001, the Kohly family descendant formed Three Palms Holdings, LLC, which held the U.S. rights with respect to the "Cristal" beer trade dress as well as other beer brands originating with the Blanco Herrera family. The assets of Three Palms Holdings LLC were acquired by the Heineken Group in 2017.

3.      In 2018, construction began on the new La Tropical Miami brewery and tap room, which now functions as a hub for the thriving Cuban American community in Miami. And in April of this year, "Tropi Crystal" beer was launched, bearing the La Tropical house mark and paying homage to its original "Cristal" beer from Cuba and its trade dress, brewed based on the original "Cristal" recipe.  True to its Cuban American roots, the Tropi Crystal beer launched and is advertised and currently only sold in South Florida.

4.      The TROPI CRYSTAL label incorporates a design element – namely, the "Three Palms Logo" – for which La Tropical owns a federal copyright registration, as shown below:



5.      Defendant produces and sells a beer under the name "PALMA" which, like TROPI CRYSTAL beer, is targeted at the Cuban American community in South Florida.  Defendant's PALMA beer bears a label design that mimics in virtually every detail the label design used for the CRISTAL beer that is currently brewed in Cuba and was illegally confiscated by the Castro regime from the Blanco Herrera family, as shown in the photographs below:

 

6.      Further, Defendant uses and prominently displays on the PALMA beer label and in point-of sale displays the slogan "La Preferida de CUBA" (which translates into English as "The preferred one of Cuba") with the word "Cuba" displayed in all upper case letters followed by a "TM" designation, as shown in the photographs below.

  

 

7.     Contrary to the messaging conveyed by its packaging, PALMA beer is produced in Nicaragua, not Cuba.  Nonetheless, Defendant's use of the Cuban Cristal label design and the slogan "La Preferida de CUBA" has resulted in widespread confusion among members of the Cuban American community in South Florida, who erroneously believe that Defendant's PALMA beer is brewed in Cuba and is being imported into the United States in violation of the U.S. embargo against Cuba.  Defendant thus has been and is continuing to willfully mislead and deceive the consuming public as to the source or origin of its PALMA beer.

8.     Further, by displaying the image of a palm tree within an oval on the PALMA beer label, Defendant is infringing upon Holdings' registered copyright in the Three Palms Logo.

9.     Plaintiffs thus bring this action against Soltura for false advertising, deceptive trade practices, copyright infringement, a declaratory judgment of non-infringement, and other claims for relief to stop Soltura's unlawful conduct and to recover monetary relief for the harm Plaintiffs have suffered.

**NATURE OF THE CASE, JURISDICTION, AND VENUE**

10.     This is an action for (1) declaratory judgment for non-infringement of Soltura's claimed trademark and trade dress under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; (2) false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; (3) copyright infringement under the Copyright Act, 17 U.S.C. § 501, *et seq.*; (4) for violation of the Florida Deceptive and Unfair

Practices Act, Fla. Stat. §§ 501.201-213 ("FDUTPA"); and (5) for cancellation of Soltura's federal trademark registration for the PALMA & Design mark under the Lanham Act, 15 U.S.C. § 1119. Plaintiffs seek declaratory relief, equitable relief, monetary relief, and attorney's fees to remedy the substantial harm they have sustained as a result Soltura's unlawful acts.

11. This Court has subject matter jurisdiction over the Complaint under 28 U.S.C. § 1331, 1338, 1400, and 2201. This Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Soltura under Section 48.193, Florida Statutes, because it regularly transacts business within the State of Florida and caused injury in Florida through solicitation activities in this state; and this case arises from those Florida activities.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

14. Plaintiff Lagunitas Brewing Company d/b/a Cerveceria La Tropical ("La Tropical") is a California corporation which is registered to do business in the State of Florida and operates the business of the Cerveceria La Tropical brewery from its principal place of business located at 42 N.E. 25th Street, Miami, Florida 33137. La Tropical brews, cans, distributes, and sells beer under the mark TROPI CRYSTAL from the Cerveceria La Tropical brewery.

15. Plaintiff La Tropical Holdings B.V. ("Holdings") is a corporation organized and existing under the laws of the Netherlands with its principal place of business located in Amsterdam, the Netherlands. Holdings is a holding company that owns various intellectual property assets related to the operation of La Tropical's business, including the federal copyright registration for the Three Palms Logo and the CRISTAL trademark and trade dress rights outside of Cuba.

16.     Defendant Soltura, LLC d/b/a Bucanero USA is a California limited liability company with its principal place of business at 312 N. Rios Avenue, Solana Beach, California 92075.

## FACTS RELEVANT TO ALL COUNTS

### History of CRISTAL Brand

17.     Manuel Portuondo, La Tropical's CEO and executive in charge, is a fifth-generation member of the Kohly family. Mr. Portuondo's mother is a direct descendant of the Kohly family.

18.     In the late 1800's, the Kohly family sold a hundred-acre tract of land in Havana, Cuba to the Blanco-Herrera family. The Blanco-Herrera family used that land to build a brewery and tropical gardens, which the family operated through its company "Nueva Fabrica de Hielo, S.A." doing business as "Cerveceria La Tropical."

19.     The Kohly ancestral home for generations was down river from the Cerveceria la Tropical brewery and gardens in an area called the Kohly neighborhood. Mr. Portuondo's mother lived in the Kohly ancestral home near the brewery.

20.     The Cerveceria La Tropical brewery opened in 1888.  From that point until 1960, the Blanco-Herrera family owned a controlling stake in Nueva Fabrica de Hielo S.A., which owned and operated the Cerveceria La Tropical brewery.

21.     Beginning in 1888, the Cerveceria La Tropical brewery produced a beer under the brand LA TROPICAL.  It became the best-selling beer in Cuba in the early 1900's.

22.     In the 1920's, the Cerveceria La Tropical brewery introduced a new beer under the brand CRISTAL, which was a lighter version of the LA TROPICAL beer.  CRISTAL beer became an immediate success and for decades thereafter until today is Cuba's most popular beer.

23.     The label for CRISTAL beer featured a red stripe running upward diagonally from left to right with the CRISTAL brand in white offset letters. The label utilized a red, green, and white color scheme and displayed a logo consisting of three palm trees inside an oval:



*See* Exhibit A.

24.     This logo was emblematic of the Cerveceria La Tropical brewery and appeared not only on the label for CRISTAL beer but also in Cerveceria La Tropical's house branding.

25.     In the 1950's, the Cerveceria La Tropical brewery launched CRISTAL beer into the U.S. market.  The launch was celebrated at the Cuban restaurant La Barraca in New York City, at which Cosme Blanco Herrera (grandson of the founder of the Cerveceria La Tropical brewery) and his wife, Chona Rabelo de Blanco Herrera, were in attendance.  This celebratory launch dinner was mentioned in an article titled "The Perfect Blend of Past and Present" which appeared in the January 2002 issue of Vero Beach Magazine.  The article included a photograph of the attendees at the celebratory dinner.  A true and correct copy of this article is attached hereto as Exhibit B.

26.    Around the time of CRISTAL beer's launch into the U.S. market, Nueva Fabrica de Hielo, S.A., applied for and obtained a trademark registration with the United States Patent and Trademark Office ("USPTO") for the CRISTAL mark in the stylized format used on the label for CRISTAL beer and malta, a non-alcoholic beverage.  The registration certificate states that the goods covered by the registration are "beer and cereal malt beverages." The stylized CRISTAL mark as registered with the USPTO shows the CRISTAL brand in white offset letters inside a darker horizontal stripe that runs diagonally upward from left to right and includes the three palms logo. A true and correct copy of the trademark registration certificate for the CRISTAL label design (which expired) is attached hereto as Exhibit C.

27.    During the Cuban revolution in 1960, the Castro regime illegally seized and confiscated the property and assets of the Cerveceria La Tropical brewery, as well as the property and assets of the Blanco-Herrera family and Mr. Portuondo's family, the Kohlys.  As a result, the Blanco-Herrera family was forced to flee in exile to Miami, Florida.  Mr. Portuondo's family, which had maintained ties with the Blanco-Herrera family over many years, was also forced to flee to Miami, Florida due to the revolution.

28.    After arriving in the United States, the Blanco-Herrera family undertook efforts to continue its use of the CRISTAL brand and label.  Specifically, in 1963, Julio Blanco-Herrera, the grandson of the founder of the Cerveceria La Tropical brewery in Cuba and President of Nueva Fabrica de Hielo, S.A., formed a Florida corporation named Maltina Corporation.  Through Maltina Corporation, Julio Blanco-Herrera sought to have CRISTAL beer made and sold in the U.S.

29.    Upon information and belief, Julio Blanco Herrera engaged a third party brewer in New Jersey through which he produced and sold beer under the CRISTAL brand that utilized the

trade dress of the original CRISTAL beer that was brewed in Cuba prior to the Castro revolution. A true and correct image of the label for the CRISTAL beer that was produced and sold in the United States is shown below:



30.     The label for the CRISTAL beer brewed and sold in the United States by Julio Blanco Herrera displayed the following statement: "BREWED BY METROPOLIS BREWERY OF N.J., TRENTON, N.J.  BREWED AND PACKAGED UNDER LICENSE OF MALTINA CORP. FOR CRISTAL DISTRIBUTING, INC., MIAMI, FLA."

31.     In addition, Julio Blanco Herrera, through an arrangement with a third party brewer, produced and sold malta under the CRISTAL brand and label.  Malta is a dark, non-alcoholic carbonated beverage brewed similar to beer and was one of the products that Nueva Fabrica de Hielo, S.A. produced and distributed under the trademarks MALTA CRISTAL and CRISTAL in Cuba and in the United States.  Despite such efforts, due lack of sufficient financial backing, only a small amount of CRISTAL malta was produced and sold.  These events are recounted in the court's opinion in the case *Maltina Corporation v. Cawy Bottling Co*., 462, F. 2d 1021 (5th Cir. 1972), a true and correct copy of which is attached as Exhibit D hereto.

32.     The *Maltina Corporation v. Cawy Bottling Co*. case involved a trademark infringement lawsuit brought in 1970 by Maltina Corporation and Julio Blanco-Herrera against a

third party business named Cawy Bottling Company ("Cawy") which had started producing a malta beverage using the CRISTAL trademark and label designed to resemble the CRISTAL label that was used by Nueva Fabrica de Hielo, S.A. in Cuba.

33.     The litigation against Cawy spanned a decade, including appeals to the United States Court of Appeals for the Fifth Circuit (*see* Ex. D), *Maltina Corporation v. Cawy Bottling Co.*, 613 F.2d 582 (5th Cir. 1980) (a true and correct copy of which is attached hereto as Exhibit E), and even an appeal to the U.S. Supreme Court (*see Maltina Corporation v. Cawy Bottling Co.*, 409 U.S. 1060 (1972)) (certiorari denied) (a true and correct copy of which is attached as Exhibit F hereto).  The litigation ultimately resulted in the district court holding that the CRISTAL brand and label had not been abandoned by Blanco-Herrera, and that Cawy Bottling Company was prohibited from further use of the CRISTAL brand and label and ordered to pay damages.  *See* Ex. E.

34.     In affirming the district court's ruling in 1980, the U.S. Court of Appeals for the Fifth Circuit held as follows:

> Cawy designed its "Cristal" label to resemble the label used by Maltina's predecessor in Cuba. [The magistrate judge] found that Cawy intended to exploit the reputation and good will of the "Cristal" mark and to deceive and mislead the Latin community into believing that the "Cristal" once sold in Cuba was now being sold in the United States. The magistrate further found that Cawy willfully infringed the plaintiffs' mark and had been unjustly enriched to the detriment of plaintiffs' reputation and good will.

*Id.*

### La Tropical Teams Up with Blanco-Herrera Family to Re-Introduce Cuban American Beer to the U.S.

35.     In 1998, Mr. Portuondo collaborated with a member of the Blanco-Herrera family— namely, Ramon Blanco-Herrera, the great-grandson of the founder of the Cerveceria La Tropical brewery in Cuba—and several other Cuban-American investors, to found La Tropical

Brewing Company, LLC, a Florida limited liability company which acquired the U.S. federal trademark registration for TROPICAL from another local business and resumed producing and selling beer under the LA TROPICAL brand.

36.      In 1999, La Tropical Brewing Company, LLC created a design consisting of three royal palms with a clump of upstanding plant leaves in the foreground of the palms and a series of horizontal lines resembling two hills in the background, all within a solid oval outline (the "Three Palm Logo")—which is an artistic interpretation of the three palms design that was used by Nueva Fabrica de Hielo, S.A.—and registered the copyright with respect thereto (copyright registration no. VAu 472-139):



A true and correct copy of the U.S. Copyright Registration for the Three Palms Logo, including a copy of the design deposited with the U.S. Copyright Office, is attached as Exhibit G hereto.

37.      In 2001, Mr. Portuondo formed Three Palms Holdings, LLC ("Three Palms"), a Florida limited liability company which became the holding company for the business.  The name of the company paid homage to the Three Palms Logo that for decades prior to the Castro revolution was the symbol of the Cerveceria La Tropical Brewery in Cuba.

38.      All of the intellectual property owned by La Tropical Brewing Company, LLC, including, but not limited to, the U.S. Copyright Registration for the Three Palms Logo, was

assigned from La Tropical Brewing Company, LLC to Three Palms. A true and correct copy of the recorded Copyright Assignment for such copyright registration is attached as Exhibit H hereto.

39.     Additionally, a company owned by Ramon Blanco-Herrera, RBHH, through an assignment dated May 19, 2001, assigned to Three Palms "all right, title, and interest in and to the CRISTAL mark as used in connection with beer and malta outside the country of Cuba, together with the goodwill of the business symbolized by said mark, including but not limited to, all common law rights . . . ."  The assignment further stated that "RBHH also sells, assigns, transfers and conveys to [Three Palms] all right, title and interest in and to the labels, formulas and methods relating to the CRISTAL beer and malta beverages produced by Cerveceria La Tropical/Nueva Fabrica de Hielo S.A., in Havana, Cuba, which was controlled by the Blanco Herrera family, since 1888, said rights inuring since prior to the confiscation/nationalization of same by the Castro government."  A true and correct copy of the assignment document is attached as Exhibit I hereto.

40.     Three Palms made multiple efforts over the years that followed to obtain additional registrations for the CRISTAL trademark and label design with the USPTO but was unable to obtain such registrations.  This was due to the existence of registrations for CRISTAL owned by a Peruvian beer company named Union de Cervecerias Peruanas Backus y Johnston S.A.A., covering use with the Peruvian beer produced and sold by them which uses distinguishable labeling and is not associated with the Cuban CRISTAL beer.  Such registration efforts included applications filed by Three Palms for the CRISTAL trademark and label design for malta (Application Serial No. 77/520,192 filed on July 11, 2008), as well as for the variation CERVEZA PALMA CRISTAL LA PREFERIDA DE CUBA label design with the words CERVEZA PALMA CRISTAL within an upwardly inclined rectangular stripe and a single palm within an oval outline and the words LA PREFERIDA DE CUBA in the bottom portion of the oval outline for use with

beer (Application Serial No. 76/540,556 filed on August 13, 2003 and Application Serial No. 76/620,184 filed on November 12, 2004). Attached as composite Exhibit J are true and correct copies of the U.S. Patent and Trademark Office trademark application/registration database listings for such applications.

41.      Three Palms was, however, successful in obtaining in December 2002 a federal trademark registration for the CRISTAL Malta label design including CRISTAL within an upwardly inclined rectangular stripe and Three Palms Logo for use with malta. The CRISTAL malta was produced and sold in the South Florida market for several years. A true and correct copy of U.S. Trademark Registration No. 2,664,974 is attached hereto as Exhibit K. Said registration as well as the registration for the CRISTAL word mark covering use with malta (Registration No. 2,407,138) were later cancelled via a petition for cancellation filed by Union de Cervecerias Peruanas Backus y Johnston S.A.A.

42.      Despite the unsuccessful efforts to register and/or maintain the registrations for the CRISTAL trademark and label, La Tropical nevertheless intended to resume use of same once financial and other conditions would allow it to do so.

**La Tropical Re-Introduces Cuban American Made-in-Miami Beer to the U.S. and Pays Homage to CRISTAL Roots**

43.      In 2017, Three Palms' intellectual property assets were acquired by the Heineken Group. As part of the acquisition, Three Palms assigned all of its intellectual property rights, including the rights previously assigned to it by RBBH with respect to the CRISTAL brand and label and the U.S. Copyright Registration for the Three Palms Logo, to Heineken affiliate La Tropical Holdings B.V., a plaintiff in this action. A true and correct copy of such assignment is attached as Exhibit L hereto.

13

44.     Shortly after the acquisition by the Heineken Group in 2017, construction began on the new La Tropical brewery and tap room in Miami, which opened in 2021 and now functions as a hub for the thriving Cuban American community in Miami.  The new brewery initially produced the LA TROPICAL beer and then proceeded with efforts to also produce a beer in the likeness of the original CRISTAL beer produced by the Blanco-Herrera family's business in Cuba, but now in Miami.

45.     As part of such efforts, La Tropical Holdings B.V., a Heineken-affiliated holding company which is the current owner of the TROPICAL and CRISTAL brand and label rights outside of Cuba as a result of the assignment of such rights by Three Palms, filed a U.S. federal trademark registration application for TROPI CRYSTAL, Application Serial No. 97/096,704, on October 28, 2021.  The TROPI CRYSTAL mark combines a variation of both the LA TROPICAL and CRISTAL marks, evoking the beer's lineage back to the two beer brands originating with the Blanco-Herrera family's business in Cuba prior to the illegal confiscation and nationalization of such business by the Castro regime in 1960.  The trademark registration application has been approved and published without opposition. The registration is expected to be granted after the statement of use is filed with the U.S. Patent and Trademark Office.  A true and correct copy of the U.S. Patent and Trademark Office trademark application database listing for said application is attached as Exhibit M hereto.

46.     In March, 2023, the TROPI CRYSTAL branded beer was launched in South Florida.  The TROPI CRYSTAL beer is brewed using a recipe based on the original CRISTAL beer.

47.     The label for TROPI CRYSTAL, with its red, green, and white color scheme, horizontal red stripe, and the Three Palms Logo evokes the commercial impression with some

modern interpretations of the label of the original 1920's CRISTAL beer from Cuba and features

the Three Palms Logo.  A true and correct image of the original CRISTAL beer label design and

the TROPI CRYSTAL beer label design as initially launched (which has since been revised) is

shown in Exhibit N attached hereto.

48.     A true and correct copy of the current TROPI CRYSTAL beer label design is

below, and attached hereto as Exhibit O:

 

**Soltura's Unlawful Acts**

49.     Soltura produces and sells a brand of beer called CERVEZA PALMA.

50.     On information and belief, neither Soltura nor its principals has any connections to

Mr. Portuondo, La Tropical, the Blanco-Herrera family, the Kohly family, the original Cerveceria

La Tropical brewery in Cuba, or the country or government of Cuba.

51.     As explained on its website, Soltura, "inspired by the number #1 selling beer in Cuba and the favorite beer of Cuba for more than 75 years," advertises, offers for sale, and sells beer under the claimed trademarks CERVEZA PALMA and CERVEZA PALMA & Design:



("Soltura's Claimed Marks.")

52.     Soltura also advertises, offers for sale, and sells beer in the following packaging:



53.     Soltura has claimed that the above packaging constitutes Soltura's own protectable trade dress. The purported trade dress allegedly encompasses: "(a) green background with a contrasting red stripe that runs diagonally upwards from left to right across the center of the product; (b) the name of the product in white text offset against the red stripe; (c) a white oval displaying a palm tree image; (d) a Spanish phrase featuring "La Preferida" ("the preferred one") as a slogan ("Soltura's Claimed Trade Dress").

54.     Soltura accessed and copied the Three Palms Logo and has used and/or modified the Three Palms Logo in their its business.  Soltura was not permitted to copy, publish, or modify the Three Palms Logo, or create any derivative works for any purpose.

55.     Nevertheless, Soltura purposefully and willfully copied, modified and/or created derivate works of the Three Palms Logo.

56.     Soltura has infringed the Three Palms Logo and the copyrights owned by Holdings for the Three Palms Logo through the copying and publication Holdings' (1) original works and (2) derivative works which copy elements of the Three Palms Logo, which has harmed and continues to harm Holdings.

57.     Since Soltura started advertising and selling CERVEZA PALMA beer in the U.S., consumers have recognized the similarities between Soltura's Claimed Trade Dress and the famous CRISTAL beer. For example, on September 20, 2021, the *Tampa Bay Times* reported:

> Cerveza Palma, with its stylized red, black and white palm tree logo and bright red banner, is a **dead ringer for the Cuban Cristal** in its emerald green can. It even proclaims, beneath the logo on the 12-ounce can, just like the Cuban Cristal, "La Preferida de Cuba." Cuba's preferred beer. And it proudly calls itself imported, which it is – from Nicaragua.

(emphasis added.) The article also notes "Martin Wadley, 56, is selling his Palma beer in Miami, **where locals have asked whether it is a version of the Cuban beer Cristal**." (emphasis added). A true and copy of the *Tampa Bay Times* article is attached hereto as Exhibit P.

58.     On information and belief, Soltura has sold and continues to sell beer featuring the phrase "La Preferida de CUBA" meaning "Cuba's Favorite Beer:"





59.     Soltura's CERVEZA PALMA beer is advertised as "Cuban beer:"



60.     On information and belief, Soltura's CERVEZA PALMA beer is not now nor has it ever been brewed in Cuba or with any ingredients originating in Cuba.  Furthermore, on information and belief, Soltura's CERVEZA PALMA beer is not now nor has it ever been offered for sale or sold in Cuba, and that neither Soltura nor its CERVEZA PALMA beer has any affiliation whatsoever with Cuba.

61.     The label design used by Soltura for CERVEZA PALMA beer as shown in above is virtually identical to the label design currently used by the producer of CRISTAL beer in communist Cuba, and the marketing and sale of Soltura's PALMA beer has resulted in multiple instances of actual confusion in the marketplace, with consumers believing that the sale of PALMA

beer, due to Soltura's use of a label design that is virtually identical to the label currently used for the CRISTAL beer produced and sold in Cuba today, involves the Cuban government and violates the U.S. embargo against Cuba. True and correct copies of published reports of such confusion are included as Composite Exhibit Q attached hereto and incorporated herein.

62.    Soltura's use of packaging that is identical to the CRISTAL beer packaging has the capacity to deceive, and has actually deceived, consumers into believing that Soltura's CERVEZA PALMA beer is sponsored by, approved by, or otherwise associated with the Cuban producer of CRISTAL beer when it is not, and that Soltura's CERVEZA PALMA beer is brewed in Cuba when it is not.

63.    Soltura's use of packaging that contains the phrase "La Preferida de CUBA," despite that the product is not made in Cuba, imported from Cuba, does not contain any Cuban-derived ingredients, and is not sold in Cuba, has the capacity to deceive, and has actually deceived, consumers into believing that Soltura's CERVEZA PALMA beer is a "Cuban" beer brewed in Cuba, when it is not.

64.    Soltura does business as "Bucanero USA," using the same name – "Bucanero" – as the entity in Cuba that produces CRISTAL beer, which falsely suggests a connection or affiliation with the producer of CRISTAL beer from Cuba.

65.    The Cuban producer of CRISTAL sells that beer outside Cuba under the name "PALMA CRISTAL."  Thus, Soltura's use of the name "PALMA" for its beer falsely suggests a connection or affiliation with the Cuban producer of CRISTAL beer.

**Soltura's Fraudulently Procured Trademark Registration**

66.    On April 13, 2018, Soltura filed a trademark registration for the mark CERVEZA PALMA and Design:



67.     In its application to register the CERVEZA PALMA and Design mark, Soltura declared under penalty of perjury that the signatory (here, Martin Wadley, Principal, Soltura) believes that the applicant is the owner of the trademark/service mark sought to be registered.

68.     In its application to register the CERVEZA PALMA and Design Mark, Soltura also declared under penalty of perjury that "no persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion, or mistake, or to deceive."

69.     On information and belief, at the time Soltura applied to register the CERVEZA PALMA and Design mark, Soltura had knowledge of Holdings' copyrighted Three Palms Logo.

70.     On information and belief, Soltura knew or should have known that the palm tree design in the CERVEZA PALMA and DESIGN mark is owned by Holdings, and therefore, that Soltura is not the owner of the design sought to be registered, and that because the palm tree design is owned by Holdings, Holdings has the sole and exclusive right to use the design in commerce.

71.     On information and belief, at the time Soltura applied to register the CERVEZA PALMA and Design mark, Soltura had knowledge of the label design used for the CRISTAL beer from Cuba.

72.     On information and belief, Soltura knew or should have known that the label design for the Cuban CRISTAL beer was owned by the producer of that beer in Cuba or by the Blanco Herrera family whose CRISTAL brand was illegally confiscated by the communist government of Cuba, and therefore, that Soltura is not the owner of the design sought to be registered.

73.     On information and belief, the above misrepresentations by Soltura were material, such that the USPTO would not have granted Soltura's trademark application had it been disclosed that Soltura's design infringes Holdings' copyright registration for the Three Palms Logo and that Soltura is not the owner of the design sought to be registered.

74.     In addition, on information and belief, Soltura made such false material misrepresentations to the USPTO with the intent to deceive the USPTO to obtain a trademark registration for the CERVEZA PALMA and Design mark.

### Soltura Sues Cerveceria La Tropical USA LLC and La Tropical Holdings B.V. for Trademark and Trade Dress Infringement

75.     In April 2023, La Tropical received a letter from attorneys representing Soltura claiming that the original label design for TROPI CRYSTAL beer infringed upon Soltura's label design for its CERVEZA PALMA beer.

76.     While La Tropical did not believe that its original design infringes any rights Soltura claims to have in its can design, La Tropical updated its packaging to the current can design.

77.     On June 13, 2023, Soltura nevertheless filed a lawsuit in the U.S. District Court for the Southern District of California styled *Soltura, LLC dba Bucanero USA v. Cerveceria La Tropical USA LLC and La Tropical Holdings B.V.*, Case No. 3:23-cv-01104-JES-KSC (the "Soltura Infringement Suit"), in which Soltura asserted claims for trademark infringement, false designation of origin, trade dress infringement, and unfair competition.

78.     On August 28, 2023, Soltura filed a motion for preliminary injunction seeking to enjoin the use of the original label design for Tropi Crystal beer.  The Defendants in the Soltura Infringement Suit opposed Soltura's motion.  In its reply brief in support of its motion for preliminary injunction, Soltura argued that both the original and new label designs for Tropi Crystal infringe Soltura's alleged trademark and trade dress rights in the label design for its CERVEZA PALMA beer.

79.     On September 8, 2023, the Defendants in the Soltura Infringement Suit filed a motion to dismiss for improper venue.  Soltura opposed the Defendants' motion.

80.     On October 11, 2023, the Court heard oral argument on the Defendants' motion to dismiss and Soltura's motion for preliminary injunction.  In response to questions from the Court, counsel for Soltura argued that both the original and new label designs for Tropi Crystal beer infringe Soltura's alleged trademark and trade dress rights in its CERVEZA PALMA label design.

81.     On October 20, 2023, the Court granted the Defendants' motion to dismiss for improper venue and dismissed Soltura's complaint without prejudice to refiling in the proper venue.  The Court also denied as moot Soltura's motion for preliminary injunction.

82.     All conditions precedent to the filing of this action have occurred or have been waived or excused.

83.     As a result of the wrongful conduct by Soltura alleged herein, Plaintiffs have been forced to engage the law firm of Greenberg Traurig, P.A. to enforce their rights. Plaintiffs are obligated to pay this law firm reasonable attorneys' fees and costs in connection with these legal services.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief: Non-Infringement of Trademark and Trade Dress)**

84.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 83 as though fully set forth herein.

85.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. §§ 1117 and 1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

86.     In April 2023, La Tropical received a letter from attorneys representing Soltura claiming that the original label for TROPI CRYSTAL beer infringed upon Soltura's label design for its CERVEZA PALMA beer.

87.     While La Tropical did not believe that its original design infringes any rights Soltura claims to have in its can design, La Tropical updated its packaging to the current can design.

88.     On June 13, 2023 Soltura nevertheless filed a lawsuit in the U.S. District Court for the Southern District of California styled *Soltura, LLC dba Bucanero USA v. Cerveceria La Tropical USA LLC and La Tropical Holdings B.V.*, Case No. 3:23-cv-01104-JES-KSC (the "Soltura Infringement Suit"), in which Soltura asserted claims for trademark infringement, false designation of origin, trade dress infringement, and unfair competition.

89.     On August 28, 2023, Soltura filed a motion for preliminary injunction seeking to enjoin the use of the original label design for Tropi Crystal beer.  The Defendants in the Soltura Infringement Suit opposed Soltura's motion.

90.     On September 8, 2023, Defendants Cerveceria La Tropical USA LLC and La Tropical Holdings B.V. filed a motion to dismiss for improper venue.  Soltura opposed the Defendants' motion.

91.     In their opposition to Soltura's motion for a preliminary injunction, the Defendants confirmed that the original Tropi Crystal label design was no longer in use and had been replaced in the marketplace by the new label design.  In its reply brief, Soltura responded by alleging that the original and new Tropi Crystal label designs are *both* infringing.

92.     Also in response to Soltura's motion for a preliminary injunction, the Defendants submitted a consumer survey designed and conducted by Mark Keegan, a recognized consumer survey expert.  Mr. Keegan conducted a survey among relevant consumers to determine the extent to which, if at all, there is a likelihood of confusion between the CERVEZA PALMA label design and the new label design for Tropi Crystal.  The results of Mr. Keegan's consumer survey showed a zero net level of confusion and thus no likelihood of confusion between the CERVEZA PALMA label design and the new label design for Tropi Crystal.  A true and correct copy of the Declaration submitted by Mr. Keegan in response to Soltura's motion for preliminary injunction is attached hereto as Exhibit R.

93.     On October 11, 2023, the Court heard oral argument on the Defendants' motion to dismiss and Soltura's motion for preliminary injunction.  In response to questions from the Court, counsel for Soltura argued that both the original and new label designs for Tropi Crystal beer infringe Soltura's alleged trademark and trade dress rights in its CERVEZA PALMA label design.

94.     On October 20, 2023, the Court granted the Defendants' motion to dismiss for improper venue and dismissed Soltura's complaint without prejudice to refiling in the proper venue.  The court also denied as moot Soltura's motion for a preliminary injunction.

95.     Soltura has never withdrawn its infringement claims with respect to the original and new Tropi Crystal label designs.

96.     An actual justiciable case or controversy exists by way of the credible threat of immediate litigation because of (1) Soltura's prior lawsuit against Cerveceria La Tropical USA LLC and La Tropical Holdings B.V. alleging that the label design for Tropi Crystal beer infringes Soltura's purported trademarks and trade dress rights in the label design for its Palma beer; (2) Soltura's explicit allegations in its reply brief in support of Soltura's motion for preliminary injunction and at oral argument that the new label design for Tropi Crystal beer infringes Soltura's claimed trademark and trade dress rights; (3) the Court's dismissal of Soltura's complaint without prejudice to refiling in the proper venue; and (4) the Court's denial of Soltura's motion for preliminary injunction as moot.

97.     Plaintiffs are entitled to a declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any purported trademark or trade dress rights owned by Soltura either directly or indirectly by inducing others to infringe or by contributing to infringement by others.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement under the Copyright Act)

98.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 83 as though fully set forth herein.

99.     Holdings is the owner of the entire right, title, and interest in and to the valid and subsisting U.S. Copyright Registration for the Three Palms Logo and any derivative works.

100.     Soltura is not authorized to reproduce, distribute, or make derivate works of or based on the Three Palms Logo in any way.

101.     The palm tree design that appears on the label for CERVEZA PALMA beer is substantially similar to the Three Palms Logo.

102.     Soltura's acts complained of herein have violated and continue to violate Holdings' exclusive rights (pursuant to 17 U.S.C. § 106) in the Three Palms Logo.

103.     Soltura's acts constitute copyright infringement, in violation of the Copyright Act, 17 U.S.C. § 501.

104.     Soltura's infringement was, and remains, willful.  Furthermore, Soltura's willful infringement is for purposes of commercial advantage or private financial gain.

105.     Holdings has suffered, and unless Soltura is enjoined, will continue to suffer damages and harm for which there is no adequate remedy at law.

106.     Soltura's acts of unauthorized copying and publication of the Three Palms Logo and derivate works has usurped Holdings' opportunity to control the use of its protected intellectual property.

107.     Holdings is therefore entitled to injunctive relief, impoundment, and disposition of any infringing articles, statutory or actual damages, attorney's fees, and the profits realized by Soltura as a result of the infringement.

### THIRD CLAIM FOR RELIEF

### (False Advertising under the Lanham Act)

108.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 83 as though fully set forth herein.

109.     La Tropical, in association with the Blanco-Herrera family, set out to create a Miami Cuban American-inspired beer that pays homage to the original CRISTAL beer.

110.     La Tropical – through the acquisition of intellectual property owned by the Blanco-Herrera family – has expended valuable resources developing and building the TROPI CRYSTAL brand of beer.

111.    On information and belief, Soltura's CERVEZA PALMA beer is not now nor has it ever been brewed in Cuba or with any ingredients originating in Cuba.  Furthermore, on information and belief, Soltura's CERVEZA PALMA beer is not now nor has it ever been offered for sale or sold in Cuba.

112.    The label design used by Soltura for CERVEZA PALMA beer as shown above is virtually identical to the label design currently used by the producer of CRISTAL beer in communist Cuba. The marketing and sale of Soltura's CERVEZA PALMA beer has resulted in multiple instances of actual confusion among consumers in the United States, who believe that CERVEZA PALMA beer, due to Soltura's use of a label design and palm tree logo that is virtually identical and/or substantially similar to the label design currently used for the CRISTAL beer produced and sold in Cuba today, is brewed in Cuba or is otherwise connected or affiliated with the Cuban government and is being imported into the United States in violation of the U.S. embargo against Cuba.

113.    Soltura's use of packaging that is identical to the CRISTAL beer packaging has the capacity to deceive, and has actually deceived, consumers into believing that Soltura's CERVEZA PALMA beer is sponsored by, approved by, or otherwise associated with the producer of CRISTAL beer when it is not, or that CERVEZA PALMA beer is brewed in Cuba when in fact it is not..

114.    Soltura's use of packaging and point-of-sale displays that contain the phrase "La Preferida de CUBA," despite that the product is not made in Cuba, imported from Cuba, does not contain any Cuban-derived ingredients, and is not sold in Cuba, has the capacity to deceive and actually has deceived consumers into believing that Soltura's CERVEZA PALMA beer is a

"Cuban" beer, when it is not, or that Soltura's CERVEZA PALMA beer is brewed in Cuba when in fact it is not.

115.    Soltura's actions as described above have had a material effect on purchasing decisions such that consumers believe that they are buying a beer associated with the original, famous CRISTAL beer, or a beer that originates from Cuba, when it does not.

116.    Soltura's CERVEZA PALMA beer is sold in interstate commerce.

117.    Soltura's actions constitute false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

118.    As a direct and proximate cause of Soltura's acts of false advertising, Soltura has caused, and will continue to cause, irreparable injury and damages to Plaintiffs' business, reputation, and goodwill.  Plaintiffs have no adequate remedy at law for this injury.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**(Violation of Florida's Deceptive and Unfair Trade Practices Act)**

119.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 83 as though fully set forth herein.

120.    La Tropical, in association with the Blanco-Herrera family, set out to create a Miami Cuban American-inspired beer that pays homage to the original CRISTAL beer.

121.    La Tropical – through the acquisition of intellectual property owned by the Blanco-Herrera family – has expended valuable resources developing and building the TROPI CRYSTAL brand of beer.

122.    On information and belief, Soltura's CERVEZA PALMA beer is not now nor has it ever been brewed in Cuba or with any ingredients originating in Cuba. Furthermore, on

information and belief, Soltura's CERVEZA PALMA beer is not now nor has it ever been offered for sale or sold in Cuba.

123.    The label design used by Soltura for CERVEZA PALMA beer as shown above is virtually identical to the label design currently used by the producer of CRISTAL beer in communist Cuba. The marketing and sale of Soltura's CERVEZA PALMA beer has resulted in multiple instances of actual confusion among consumers in the State of Florida, who believe that CERVEZA PALMA beer, due to Soltura's use of a label design that is virtually identical to the label currently used for the CRISTAL beer produced and sold in Cuba today, is brewed in Cuba or otherwise connected or affiliated with the Cuban government and is being imported into the United States in violation of the U.S. embargo against Cuba.

124.    Soltura's use of packaging that is identical to the CRISTAL beer packaging has the capacity to deceive and has actually deceived consumers in the State of Florida into believing that Soltura's CERVEZA PALMA beer is sponsored by, approved by, or otherwise associated with the producer of CRISTAL beer when it is not, or that Soltura's CERVEZA PALMA beer is brewed in Cuba when in fact it is not.

125.    Soltura's use of packaging that contains the phrase "La Preferida de CUBA," despite that the product is not made in Cuba, imported from Cuba, does not contain any Cuban-derived ingredients, and is not sold in Cuba, has the capacity to deceive and has actually deceived consumers in the State of Florida into believing that Soltura's CERVEZA PALMA beer is a "Cuban" beer, when it is not, or that Soltura's CERVEZA PALMA beer is brewed in Cuba when in fact it is not.

126.    Soltura's actions as described above have had a material effect on purchasing decisions such that consumers in the State of Florida believe that they are buying a beer associated with the original, famous CRISTAL beer, or a beer that emanates from Cuba, when it does not.

127.    Without the consent or approval of Plaintiffs, Soltura has been and is continuing to wrongfully advertise, promote, and sell beer under a design that infringes Holdings' copyrighted Three Palms Logo; under a design that deceives consumers into believing that Soltura's CERVEZA PALMA beer is connected to or associated with the original CRISTAL beer when it is not; and through use of the phrase "La Preferida de CUBA," which misleads consumers into believing that CERVEZA PALMA is a favorite beer of Cuba, when it is not and has never been brewed or sold in Cuba.

128.    As a direct and proximate cause of Soltura's acts of deceptive advertising and trade practices as detailed above, Soltura has caused, and will continue to cause, Plaintiffs to suffer actual damages.

## FIFTH CLAIM FOR RELIEF

### (Cancellation of the CERVEZA PALMA & Design Trademark Registration)

129.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 83 as though fully set forth herein.

130.    On April 13, 2018, Soltura filed a trademark registration for the mark CERVEZA PALMA and Design.

131.    In its application to register the CERVEZA PALMA and Design mark, Soltura declared under penalty of perjury that the signatory (here, Martin Wadley, Principal, Soltura) believes that the applicant is the owner of the trademark/service mark sought to be registered.

132.     In its application to register the CERVEZA PALMA and Design Mark, Soltura also declared under penalty of perjury that "no persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion, or mistake, or to deceive."

133.     On information and belief, at the time Soltura applied to register the CERVEZA PALMA and Design mark, Soltura had knowledge of Holdings' U.S. Copyright Registration for the Three Palms Logo.

134.     On information and belief, Soltura knew or should have known that the design in the CERVEZA PALMA and DESIGN mark is owned by Holdings, and therefore, that Soltura is not the owner of the design sought to be registered, and that because the design is owned by Holdings, Holdings has the sole and exclusive right to use the design in commerce.

135.     On information and belief, at the time Soltura applied to register the CERVEZA PALMA and Design mark, Soltura had knowledge of the label design used for the CRISTAL beer from Cuba.

136.     On information and belief, Soltura knew or should have known that the label design for the Cuban CRISTAL beer was owned by the producer of that beer in Cuba or by the Blanco Herrera family whose CRISTAL brand was illegally confiscated by the communist government of Cuba, and therefore, that Soltura is not the owner of the design sought to be registered.

137.     On information and belief, the above misrepresentations by Soltura were material, and the USPTO relied on such misrepresentations, such that the USPTO would not have granted Soltura's trademark application had it been disclosed that Soltura's design infringes Holdings'

rights under the U.S. Copyright Registration for the Three Palms Logo and that Soltura is not the owner of the design sought to be registered.

138.   In addition, on information and belief, Soltura made such false material misrepresentations to the USPTO with the intent to deceive the USPTO to obtain a trademark registration for the CERVEZA PALMA and Design mark.

139.   Soltura's acts of fraudulently procuring the CERVEZA PALMA and Design Mark has usurped Holdings' opportunity to seek trademark registration for the Three Palms Logo or a derivate work thereof.

140.   As a direct and proximate cause of Soltura's fraudulent acts, Soltura has caused, and will continue to cause, irreparable injury and damages to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Soltura, and award:

(a)   An order declaring that the original and new label designs for Tropi Crystal beer do not infringe any valid, distinctive, and enforceable trademark rights owned by Soltura relating to the sale of product packaging used in conjunction with Soltura's CERVEZA PALMA product, either directly or by inducing others to infringe or by contributing to infringement of others;

(b)   An order declaring that the original and new label designs for Tropi Crystal beer do not infringe any valid, distinctive, and enforceable trade dress rights owned by Soltura relating to the sale of product packaging used in conjunction with Soltura's CERVEZA PALMA product, either directly or by inducing others to infringe or by contributing to infringement of others;

(c)     Under 17 U.S.C. § 502, Soltura and their agents, representatives, servants, employees, attorneys, officers, directors, shareholders, principals, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with Soltura be permanently enjoined from copying, reproducing, distributing, or making derivative works of the Three Palms Logo;

(d)     Under 17 U.S.C. § 503, Soltura be directed to deliver up for destruction all copies, reproductions, or derivative works of the Three Palms Logo;

(e)     Under 17 U.S.C. § 504, Soltura account and pay to Plaintiffs damages in an amount sufficient to compensate it fairly for the injury it sustained, plus all profits that are attributable to Soltura's infringement of the Three Palms Logo, or, in the alternative statutory damages in the amount of up to $150,000 per work willfully infringed;

(f)     Under 17 U.S.C. § 505, Soltura be ordered to pay Holdings its attorney's fees and costs;

(g)     Under 15 U.S.C. § 1116, Soltura and their agents, representatives, servants, employees, attorneys, officers, directors, shareholders, principals, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with Soltura be permanently enjoying from:

      (i)     Using the Soltura Claimed Trade Dress;

      (ii)    Using the CERVEZA PALMA and Design mark; and

      (iii)   Using the phrase "La Preferida de CUBA."

(h)     Under 15 U.S.C. § 1118, Soltura be directed to deliver up for destruction all goods, advertisements, labels, signs, print, packages, wrappers, receptacles, and all other materials in its

34

possession or under its control bearing the Soltura Claimed Trade Dress; the CERVEZA PALMA and Design mark; and/or the phrase "La Preferida de CUBA."

      (i)     Under 15 U.S.C. § 1117, Soltura's account and pay to Plaintiffs damages in an amount sufficient to compensate it fairly for the injury they sustained, plus all profits that are attributable to Soltura's sale of goods and services under or in connection with the CERVEZA PALMA and Design mark, the Soltura Claimed Trade Dress, and/or the slogan "La Preferida de CUBA," and further that the amount of the monetary award be trebled in view of the willful and deliberate nature of Soltura's unlawful conduct;

      (j)     Under 15 U.S.C. § 1117, Soltura be ordered to pay Plaintiffs their attorneys' fees and costs;

      (k)     Under 15 U.S.C. § 1119, Soltura's Trademark Registration No. 5/824,189 be cancelled; and

      (l)     Any further relief as this Court may deem equitable and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted, this 13th day of November, 2023.

*/s/ Mark A. Salky*

Mark A. Salky (Florida Bar No.: 58221)
Email: mark.salky@gtlaw.com
James E. Gillenwater (Florida Bar No.: 1013518)
Email: gillenwaterj@gtlaw.com
GREENBERG TRAURIG, P.A.
333 SE 2nd Avenue, Suite 4400
Miami, FL 33131
Tel.: (305) 579-0500
Facsimile: (305) 579-0717

Steven J. Wadyka Jr. (*pro hac vice* forthcoming)
wadykas@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

*Attorneys for Plaintiffs*
*Lagunitas Brewing Company d/b/a Cerveceria La*
*Tropical and La Tropical Holdings B.V.*
