**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-CV-24350-GAYLES/LOUIS**

| | |
|---|---|
| LAGUNITAS BREWING COMPANY d/b/a | ) |
| CERVECERIA LA TROPICAL, and | ) |
| LA TROPICAL HOLDINGS B.V., | ) |
| | ) |
|      Plaintiffs, | ) |
| | ) |
|      v. | ) |
| | ) |
| SOLTURA, LLC dba BUCANERO USA, | ) |
| | ) |
|      Defendant. | ) |
| _____ | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.    Introduction. ...................................................................................................................1

II.   Legal Standard. ...............................................................................................................2

III.  Argument.........................................................................................................................2

   A.   Plaintiffs' Declaratory Judgment Claim is Proper .......................................................2

   B.   Plaintiffs' Complaint Properly States a Claim for Copyright Infringement.....................7

     1.   Plaintiffs Submitted Their Valid Copyright Registration with the Complaint................7

     2.   Defendant Has Not Met Its Burden to Prove the Three Palms Logo is Unprotectable........................................................................................................................8

     3.   Defendant Has Not Proven That the Three Palms Logo Lacks Originality as a Matter of Law. ....................................................................................................................9

     4.   Plaintiffs Have Alleged That Defendant Copied the Three Palms Logo. ......................11

   C.   Plaintiffs Adequately State a Claim For False Advertising. ...........................................14

     1.   Defendant Applies the Wrong Factors for Pleading False Advertising.........................14

     2.   Plaintiffs Have Standing to Assert Their False Advertising Claim. ..............................15

   D.   Plaintiffs State a Claim for Cancellation of Defendants' Trademark Registration............18

   E.   In the Alternative, Plaintiffs Should Be Granted Leave to Amend...................................19

   F.   Conclusion ..................................................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**                                                                                       **Page(s)**

*Baby Buddies, Inc. v. Toys R Us, Inc.*,
611 F.3d 1308 (11th Cir. 2010)............................................................................9

*Bacardi USA, Inc. v. Young's Market Co.*,
273 F. Supp. 3d 1120 (S.D. Fla. 2016)................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................2

*Carano v. Vina Concha y Toro S.A.*,
67 U.S.P.Q.2d 1149 (T.T.A.B. 2003)................................................................19

*Cas. Indem. Exchange v. High Croft Enterprises, Inc.*,
714 F. Supp. 1190 (S.D. Fla. 1989)....................................................................5

*Clark Const. Grp., LLC v. Travelers Excess & Surplus Lines Co.*,
470 F. Supp. 2d 1350 (M.D. Fla. 2006) ..............................................................5

*Compulife Software Inc. v. Newman*,
959 F.3d 1288 (11th Cir. 2020)........................................................................14

*Corwin v. Walt Disney World Co.*,
475 F.3d 1239 (11th Cir. 2007)....................................................................7, 11

*Custom Mfg. and Engineering, Inc. v. Midway Services, Inc.*,
508 F.3d 641 (11th Cir. 2007) ..........................................................................15

*Donald Frederick Evans and Assocs., Inc. v. Cont'l Homes, Inc.*,
785 F.2d 897 (11th Cir. 1986) ............................................................................8

*Eden Toys, Inc. v. Marshall Field & Co.*,
675 F.2d 498 (2d Cir. 1982)................................................................................9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ................................................................................7, 9, 10

*Home Design Servs., Inc. v. Turner Heritage Homes Inc.*,
825 F.3d 1314 (11th Cir. 2016)........................................................................11

*Home Legend, LLC v. Mannington Mills, Inc.*,
784 F.3d 1404 (11th Cir. 2015)........................................................................10

*Korman v. Iglesias*,
No. 18-21028, 2018 WL 4410226 (S.D. Fla. Jun. 28, 2018) ............................13

*Lexmark Int'l, Inc. v. Static Control Comp.*,
572 U.S. 118 (2014) ..................................................................................*passim*

*Miller v. Suriel Grp., Inc.*,
No. 19-cv-24936, 2020 U.S. Dist. LEXIS 197832 (S.D.N.Y. Jul. 21, 2020).....................9, 10

*New Hampshire v. Maine*,
532 U.S. 742 (2001) ......................................................................................13

*Orig. Appalachian Artworks, Inc. v. Toy Loft, Inc.*,
684 F.2d 821 (11th Cir. 1982) ........................................................................9, 10

*Peterson v. Atlanta Hous. Auth.*,
998 F.2d 904 (11th Cir. 1993) .............................................................................2

*Pohl v. MH Sub I LLC*,
770 F. App'x 482 (11th Cir. 2019) ......................................................................10

*Reed v. 1-800-Flowers.com, Inc.*,
327 F. Supp. 3d 539 (E.D.N.Y. 2018)....................................................................5

*Roof & Rack Prods., Inc. v. GYB Investors, LLC*,
No. 13-cv-80575-DTK, 2014 WL 3183278 (S.D. Fla. Jul 8, 2014) ....................................8

*Russ Berrie & Co. v. Jerry Elsner Co.*,
482 F. Supp. 980 (S.D.N.Y. 1980)........................................................................9

*SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*,
600 F.3d 1334 (11th Cir. 2010)............................................................................3

*Slater v. U.S. Steel Corp.*,
871 F.3d 1172 (11th Cir. 2017)............................................................................12

*Smith v. Beverly Hills Club Apartments, LLC*,
No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180 (S.D. Fla. Jan. 28,
2016)......................................................................................................19

*Soltura, LLC v. Cervecería La Tropical USA LLC*,
No. 23-cv-1104-JES-KSC, 2023 WL 6967413 (S.D. Cal. Oct. 20, 2023)................... 3, 4, 5, 6

*State Farm Fire and Cas. Co. v. Taylor*,
118 F.R.D. 426 (M.D.N.C. 1988) ......................................................................4, 5

*Strumolo v. Alternate Family Care, Inc.*,
No. 06-cv-60881, 2008 WL 270333 (S.D. Fla. Jan. 30, 2008)...........................................7

*Terra Nova Ins. Co., Ltd. v. Acer Latin Am., Inc.*,
931 F. Supp. 852 (S.D. Fla. 1996) ........................................................................5

*Tolbert v. Discovery, Inc.*,
No. 4:18-cv-00680, 2020 WL 3269148 (N.D. Ala. Jun. 17, 2020) .......................................11

*U.S. v. Campa*,
459 F.3d 1121 (11th Cir. 2006) ...............................................................................................12

*Universal Express, Inc. v. U.S. S.E.C.*,
177 F. App'x 52 (11th Cir. 2006) ..............................................................................................3

*Verizon Trademark Services, LLC v. Producers Inc.*,
No. 8:10-cv-665, 2011 WL 308237 (M.D. Fla. Jan. 27, 2011) ........................................3, 15

*Who Dat, Inc. v. Rouse's Enters., LLC*,
No. 12-cv-2189, 2013 U.S. Dist. LEXIS 13190 (E.D. La. Jan. 31, 2013) ..............................5

*Wisser v. Morris Visitor Pub'ns, LLC*,
CV 118-150, 2020 U.S. Dist. LEXIS 48818 (S.D. Ga. Mar. 17, 2020)........................8, 9, 10

*Wyndham Vacation Ownership, Inc. v. Clapp Business Law, LLC*,
411 F. Supp. 3d 1310 (M.D. Fla. 2019) ..................................................................................18

**Statutes**

15 U.S.C. § 1125(a) ............................................................................................... 14, 15, 16, 17

17 U.S.C. § 410(c) .......................................................................................................................8

17 U.S.C. § 501(a) .......................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 8(a).......................................................................................................................2

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2, 12

Fed. R. Civ. P. 15(a)(2) .............................................................................................................19

Plaintiffs Lagunitas Brewing Company d/b/a Cervecería La Tropical and La Tropical Holdings B.V. (together referred to herein as "Plaintiffs"), by and through counsel, hereby submit their response in opposition to Defendant's Motion to Dismiss (Dkt. 10) ("Motion").

## I.    Introduction.

This case presents a classic example of a commercial party falsely claiming a lineage it does not have and duping consumers into believing that it does. Plaintiffs' Cuban American roots, which are detailed and documented in the Complaint filed in this action, *see* Dkt. 1, ¶¶17–48, are the core of Plaintiffs' business and branding. Earlier this year, Plaintiffs launched TROPI CRYSTAL beer, which is brewed based on the original CRISTAL recipe created by Plaintiffs' predecessors in pre-Castro Cuba and bears a label that pays homage to the original CRISTAL label. *Id.*, ¶3. To date, TROPI CRYSTAL beer has been distributed and sold in the South Florida market, primarily in Miami. *Id.*

Defendant Soltura, LLC d/b/a Bucanero USA ("Soltura" or "Defendant") is a company based in the San Diego area. *Id.*, ¶16. Soltura's CERVEZA PALMA beer is brewed in Nicaragua and marketed and sold to consumers in South Florida and other U.S. markets. *Id.*, ¶¶7, 57. It has no known ties to Cuba, the original CRISTAL beer and recipe, or Plaintiffs or their predecessors. *Id.*, ¶50. Nonetheless, Soltura has sought to deceive, and in fact has deceived, consumers into believing that its CERVEZA PALMA beer has Cuban roots when, in fact, it does not. *Id.*, ¶¶57–65.

Shortly after the launch of TROPI CRYSTAL beer, and in an apparent attempt to quash a competing brand of beer that, unlike Soltura, has a legitimate lineage going back to the producer of the original CRISTAL beer in Cuba, Soltura filed a lawsuit in the U.S. District Court for the Southern District of California, alleging that Plaintiffs' TROPI CRYSTAL label design infringed upon Soltura's alleged trademark and trade dress rights in its CERVEZA PALMA label design.

1

*Id.*, ¶77.   Soltura then moved for a preliminary injunction against further sales of TROPI CRYSTAL beer. *Id.*, ¶78.   The court dismissed Soltura's lawsuit for improper venue without prejudice to refiling in a proper venue and denied as moot its motion for preliminary injunction. *Id.*, ¶81.

As shown herein, Defendant's Motion is wholly without merit and should be denied. Plaintiffs' declaratory judgment claim is proper, and its claims for copyright infringement, false advertising under the Lanham Act, violation of the Florida Unfair and Deceptive Trade Practices Act, and for cancellation of Soltura's CERVEZA PALMA and Design trademark registration are adequately pled and state claims upon which relief can be granted.

## II.    Legal Standard.

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a). On a motion to dismiss, the plaintiff's allegations are "taken as true and read in the light most favorable to the plaintiff." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Dismissal of a claim is appropriate "only if it appears beyond doubt that the claimant can prove no set of facts in support of the claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    Argument.

### A.    Plaintiffs' Declaratory Judgment Claim is Proper

On June 13, 2023, Soltura sued Plaintiffs in the United States District Court for the Southern District of California ("S.D. Cal."), in which Soltura asserted claims for trademark infringement, false designation of origin, trade dress infringement, and unfair competition (the

"Soltura Infringement Suit").[1] *See* Exhibit 1.[2] The Soltura Infringement Suit was dismissed for improper venue, despite the court having had discretion to transfer the case to this District, where it could have been filed. *See, e.g.*, *Soltura, LLC v. Cervecería La Tropical USA LLC*, No. 23-cv-1104-JES-KSC, 2023 WL 6967413, at *4 (S.D. Cal. Oct. 20, 2023) ("There was nothing to prevent Soltura from discovering the facts regarding where Tropi Crystal was sold before the filing of this lawsuit and performing a more thorough venue analysis at that time."). After the dismissal of the Soltura Infringement Suit, and with reasonable apprehension of being sued in this District on the same baseless claims, Plaintiffs properly filed this claim for a declaration that Plaintiffs do not infringe any of Soltura's purported trademark or trade dress rights in its CERVEZA PALMA beer label design. *See, e.g.*, Dkt. 1 ¶¶84–97.

Soltura first claims that the declaratory judgment claim is somehow improper because Plaintiffs "thought they might be named as defendants in an action for infringement of Defendant's

---

[1]  Soltura brought suit against La Tropical Holdings B.V. (a co-plaintiff in this action) and Cerveceria La Tropical USA LLC, a holding company that owns the land in Miami, Florida on which the La Tropical brewery sits. Soltura did not sue the entity that is involved in the production, marketing, advertising, and sale of TROPI CRYSTAL beer. That entity – Lagunitas Brewing Company d/b/a Cervecería La Tropical – is a co-plaintiff in this action. For ease of reference, the Defendants in the Soltura Infringement Suit are referred to herein as "Plaintiffs."

[2]  All exhibits are attached to the declaration of Mark A. Salky submitted herewith. These exhibits reflect docket entries filed in the Soltura Infringement Suit, which are subject to judicial notice. *See, e.g., SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider."); *see also Verizon Trademark Services, LLC v. Producers Inc.*, No. 8:10-cv-665, 2011 WL 308237, at *1 (M.D. Fla. Jan. 27, 2011) ("It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." In *Verizon*, the Court took judicial notice of the fact that the exact same allegations were advanced in a prior lawsuit. *Id.*

trademark and trade dress." Mot. at 5. Similarly, Soltura argues that even though it "did not refile the California lawsuit," Plaintiffs "preemptively" brought this claim for declaratory relief as a "tactical device to avoid the possibility of becoming the respondent to a lawsuit that alleged Plaintiffs infringement of Defendants' rights." *Id*. But Plaintiffs did not need to imagine the "possibility" that they "might be named as defendants" in such a lawsuit, because, as described above, Plaintiffs *were* named in a lawsuit brought by Soltura.  And Plaintiffs' claim for declaratory judgment here was anything but "preemptive," because it was filed only *after* the Soltura Infringement Suit was already dismissed.

Soltura next contends that courts have "consistently" dismissed declaratory judgment claims "where a party who would otherwise be a defendant in a coercive action beats the other party to the courthouse to file the claim." Mot. at 5. The case that Soltura relies on in support, *State Farm Fire and Cas. Co. v. Taylor*, is easily distinguishable. *Id*. at 5–6. *State Farm* concerned a determination of liability under a fire insurance policy. 118 F.R.D. 426, 427 (M.D.N.C. 1988). After a house fire, the defendant homeowners claimed for policy benefits under their insurance agreement with State Farm. *Id*. at 428. Before mailing defendants the notice of denial of their claim, State Farm filed a declaratory judgment action seeking an adjudication of rights under the policy. *Id*. The court found that State Farm "flagrantly abused" the Declaratory Judgment Act because, by filing the declaratory judgment action before informing the defendants of the denial of their claim, the defendants never had any opportunity to bring a coercive action. *Id*. at 427–29. That is markedly different from this case, where Soltura not only had an opportunity to bring a coercive action against Plaintiffs before this action was filed, but *did* bring a coercive action, which has since been dismissed without prejudice for Soltura's failure to file in the proper venue. *See, e.g.*, *Soltura*, 2023 WL 6967413, at *4.

4

Soltura emphasizes that *State Farm* "explained that preemptively filing a declaratory relief claim is a disfavored procedure because '[i]t deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse.'" Mot. at 6 (citing *State Farm*, 118 F.R.D. at 429). But as described above, Plaintiffs did not "deprive" Soltura of its choice of forum––Soltura chose a forum (the Southern District of California) that the court rejected as being improper. *Soltura*, 2023 WL 6967413, at *4. Accordingly, Soltura's comparisons to *State Farm* are inapposite.[3]

Moreover, unlike the cases discussed above, there was no proverbial "race to the courthouse" here. There is no dispute that Soltura was the first to reach the courthouse steps when it filed the Soltura Infringement Suit based on the same issues raised in Plaintiffs' declaratory judgment claim. But, as discussed above, the Soltura Infringement Suit was filed in the wrong venue and was dismissed. *Soltura*, 2023 WL 6967413, at *4. And to the extent Soltura argues that the first-filed doctrine should apply here, it cannot, because there are no longer competing lawsuits. *See, e.g.*, *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 545 (E.D.N.Y. 2018) ("Here, the Court declines to apply the first-filed rule for a basic reason — there are no longer competing

---

[3] The cases that Soltura cites from this Circuit dismissing purportedly "tactical anticipatory declaratory relief claims" are also distinguishable and, in many cases, irrelevant. *See Cas. Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F. Supp. 1190 (S.D. Fla. 1989) (dismissing case between insurer and insured for failure to join a necessary party pursuant to Fed. R. Civ. P. 19); *Terra Nova Ins. Co., Ltd. v. Acer Latin Am., Inc.*, 931 F. Supp. 852 (S.D. Fla. 1996) (dismissing action for lack of admiralty jurisdiction in a maritime insurance case); *Clark Const. Grp., LLC v. Travelers Excess & Surplus Lines Co.*, 470 F. Supp. 2d 1350 (M.D. Fla. 2006) (dismissing declaratory judgment action where no federal laws were at issue and not all necessary parties could be joined); *Bacardi USA, Inc. v. Young's Market Co.*, 273 F. Supp. 3d 1120 (S.D. Fla. 2016) (dismissing declaratory judgment action for lack of subject matter jurisdiction and due to parallel state court action). Moreover, "none of those [cases] involve patent or trademark litigation," and "intellectual property cases present a unique opportunity for a defendant to seek affirmative relief in the form of declaratory judgment counterclaims, and because the cases cited by [defendant] do not involve this type of litigation, they hold little persuasive value." *Who Dat, Inc. v. Rouse's Enters., LLC*, No. 12-cv-2189, 2013 U.S. Dist. LEXIS 13190, at *13–14 (E.D. La. Jan. 31, 2013).

lawsuits. When the first-filed lawsuit is dismissed, it cannot take priority over the second-filed lawsuit[.]'").

Crucially, Soltura does not allege that Plaintiffs' declaratory judgment claim is improper for a lack of case or controversy. That is because it cannot. Instead, Soltura merely argues, in wholly conclusory fashion, that the "Complaint alleges no facts that a useful practical purpose will be served by entertaining the claim." Mot. at 7. This legal conclusion is demonstrably false, as Plaintiffs' Complaint is replete with reasons why Plaintiffs are entitled to a declaration that they are free to conduct their business without fear of suit by Soltura. *See, e.g.*, Compl., ¶¶49–83, 86–88, 91, 93, 95–97. And Plaintiffs' fear of a second lawsuit from Soltura was legitimate given the dismissal of the Soltura Infringement Suit "without prejudice to refiling in the proper venue." *Soltura*, 2023 WL 6967413, at *4.

Indeed, Soltura has repeatedly claimed that the new label design for TROPI CRYSTAL beer (which was not at issue in the Soltura Infringement Suit) infringes Soltura's purported trademark and trade dress rights in its PALMA beer label design. For instance, in response to Plaintiffs' argument that Soltura's Motion for Preliminary Injunction was moot due to the phasing out of the old TROPI CRYSTAL label design in favor of the new label design, Soltura argued in its reply brief that "as ***the allegedly new can still unlawfully infringes Soltura's trade dress***, Soltura's motion is not moot." Exhibit 2 at 2 (emphasis added). Soltura's counsel doubled down on this argument at the hearing before Judge Simmons:

> THE COURT: ***You agree, then, since the old can design is no longer being used, this matter is now moot for an injunction?***
> MS. BROWN: ***Well, no, because the trade dress as we've defined it in our complaint and in our injunction is the same in both of the cans.*** It's the green base, the red stripe, the white block text, the use of the Spanish phrase, the palm tree in the oval. All of those things are in the new can, as well.

Exhibit 3 at 12:7–17 (emphasis added). Soltura's counsel continued to press this argument: "I don't have anything further on the new can. Counsel says he doesn't think that he believes we've mentioned why it's infringing. I addressed that in my opening points. It is still similar enough and it still covers all of the points of the trade dress raised in our complaint." *Id.* at 29:8–12.

Finally, the irony of Soltura's Motion is not lost on Plaintiffs. Soltura claims that Plaintiffs' declaratory judgment was filed solely to "preemptively force [Soltura] to litigate claims on Plaintiffs' preferred timeline, while forcing this Defendant to spend money on legal fees and costs rather than promoting its product, in the hopes of forcing a settlement." Mot. at 8. This is precisely what Soltura did when it filed the Soltura Infringement Suit in California. Soltura cannot have its cake and eat it too.

### B.   Plaintiffs' Complaint Properly States a Claim for Copyright Infringement

The Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright[.]" 17 U.S.C. § 501(a). Liability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright and (2) a defendant's copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007). Plaintiffs have sufficiently alleged both factors.

### A.   Plaintiffs Have Alleged Ownership of a Valid Copyright in the Three Palms Logo.

#### 1.   *Plaintiffs Submitted Their Valid Copyright Registration with the Complaint.*

"A certificate of registration made before or within five years of the first publication of a particular work is prima facie evidence of *ownership and validity* of a particular copyright." *Strumolo v. Alternate Family Care, Inc.*, No. 06-cv-60881, 2008 WL 270333, at *3 (S.D. Fla. Jan.

30, 2008) (citing 17 U.S.C. § 410(c)) (emphasis added); *see also Donald Frederick Evans and Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986) (A certificate of registration serves as prima facie evidence of "originality and susceptibility to copyright."). "At the motion to dismiss stage, an allegation of ownership of the copyright at issue alongside proper registration is enough to satisfy the first prong." *Wisser v. Morris Visitor Pub'ns, LLC*, CV 118-150, 2020 U.S. Dist. LEXIS 48818, at *5 (S.D. Ga. Mar. 17, 2020).

Here, Plaintiffs allege that they own a copyright registration for the Three Palms Logo, Compl. ¶¶36–38, and submitted as an exhibit to the Complaint a true and correct copy of that copyright registration. *Id.* at Dkt. 1-9. As stated in the registration, the work was created in 1999 and was registered on July 12, 1999. *Id.* The registration is therefore in accordance with 17 U.S.C. § 410(c), and is prima facie evidence of Plaintiffs' rights in the Three Palm Logo—a proposition that Defendant does not dispute. Mot. at 8–13. Accordingly, Plaintiffs have satisfied the pleading requirements for the "ownership of a valid copyright" prong for copyright infringement. *See e.g.*, *Roof & Rack Prods., Inc. v. GYB Investors, LLC*, No. 13-cv-80575-DTK, 2014 WL 3183278, at *3 (S.D. Fla. Jul 8, 2014) (denying motion to dismiss copyright infringement claim, in part, on basis that plaintiff properly alleged a prima facie case for ownership of a valid copyright by attaching copyright registration certificate to complaint).

**2.      *Defendant Has Not Met Its Burden to Prove the Three Palms Logo is Unprotectable.***

A "certificate of copyright registration shifts the burden to the defendant to show the work is unprotectable." *Wisser*, 2020 U.S. Dist. LEXIS 48818, at *4–5. "As stated in the Eleventh Circuit, to ultimately succeed on [its] claim, Plaintiff must respond to any proof advanced by Defendant that the work suffers from lack of originality." *Id.* at *5. "The rule requires a *defendant*

8

to advance proof of lack of originality and that originality consideration generally generates a question of fact." *Id.* (emphasis added).

Defendant offers no proof to support its claim that the Three Palms Logo lacks the requisite originality; rather, Defendant relies solely on attorney argument. *See, e.g.*, Dkt. 10 at 10–13.  Even if such proof were offered, however, "it would be inappropriate for the Court to consider competing proof regarding originality at the motion to dismiss stage." *Wisser*, 2020 U.S. Dist. LEXIS 48818, at *6 (denying motion to dismiss copyright infringement claim); *see also Miller v. Suriel Grp., Inc.*, No. 19-cv-24936, 2020 U.S. Dist. LEXIS 197832, at *6 (S.D.N.Y. Jul. 21, 2020) ("Like Defendant's fair use argument, the issue of whether Plaintiff's photographs qualify for copyright protection is more appropriate for a later stage in the proceedings.").

Notably, Defendant does not cite a *single* case dismissing a copyright infringement claim on a motion to dismiss, let alone a case where the plaintiff attached a copy of its valid copyright registration to the complaint. *See Feist*, 499 U.S. at 340 (appeal from summary judgment); *Orig. Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821 (11th Cir. 1982) (same); *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308 (11th Cir. 2010) (same); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498 (2d Cir. 1982) (same); *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980 (S.D.N.Y. 1980) (summary judgment). There is therefore no basis for dismissing Plaintiffs' copyright infringement claim at this stage.

### 3. *Defendant Has Not Proven That the Three Palms Logo Lacks Originality as a Matter of Law.*

Nor has Defendant proven as a matter of law that Plaintiffs' Three Palms Logo lacks the requisite level of originality to be protectable. In fact, Defendant's entire lack of originality argument is premised on its claim that because the Three Palms Logo features palm trees, it lacks all creativity. Yet, none of the cases Defendant cites support this. In fact, in *Original Appalachian*

*Artworks, Inc. v. Toy Loft, Inc.*, which Defendant cites for this proposition, the Eleventh Circuit upheld, on an appeal from summary judgment, the district court's finding that the work was original, and therefore, copyrightable, and that the defendant was liable for copyright infringement. 684 F.2d at 825.

It is well known that "originality does not signify novelty" and that copyrightable originality requires only "independent creation"[4] by the author "plus a modicum of creativity." *Feist*, 499 U.S. at 345–46. "In other words, the originality requirement is a low bar." *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1409 (11th Cir. 2015). Likewise, while an *idea* may not be copyrightable, "if the expression of an idea is sufficiently creative, that expression is protectable." *Id.* at 1410 (holding that even if an expression is not "highly creative," "it does not need to be.").

The Eleventh Circuit has rejected the argument that elements found in nature are not copyrightable. In *Home Legend*, for example, the Eleventh Circuit reversed the district court's finding that a digital photograph of stained and time-worn maple planks lacked the requisite level of creativity to be protectable. *Home Legend*, 784 F.3d at 1409–11. Other courts have followed suit. *See also Pohl v. MH Sub I LLC*, 770 F. App'x 482, 489 (11th Cir. 2019) ("[O]ur binding precedent makes clear that even descriptive photographs of products, like a flooring design, can be sufficiently original to merit copyright protection."); *Wisser*, 2020 U.S. Dist. LEXIS 48818, at *6–7 (refusing to find as a matter of law on a motion to dismiss that a photograph of tacos served in blue corn tortillas was not protectable); *Miller*, 2020 U.S. Dist. LEXIS 197832, at *6–7 (denying motion to dismiss and refusing to find as a matter of law that photographs lacked originality).

---

[4] Defendant does not allege that the Three Palms Logo was not independently created, nor does it have any basis to do so.

There is simply no reasonable basis to find, particularly at this early pleading stage, that Plaintiffs' Three Palms Logo lacks the requisite level of creativity to be protectable under the Copyright Act. Accordingly, Defendants' Motion to Dismiss should be denied.

### 4.       *Plaintiffs Have Alleged That Defendant Copied the Three Palms Logo.*

"The second element [of copyright infringement] can be proven either with direct proof of copying or, if direct proof is unavailable, by demonstrating that the defendant[] had access to the copyrighted work and that the works are substantially similar." *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016) (citations and quotations omitted).

In their Motion, Defendants first argue that Plaintiff has not sufficiently alleged "access." Mot. at 9–11. "Access," however, requires only a "reasonable opportunity to view" the work in question. *Corwin*, 475 F.3d at 1253. Plaintiffs have more than sufficiently alleged access. In particular, the Complaint (1) alleges that the Three Palms Logo was originally used in Cuba on Plaintiffs' predecessor's famous CRISTAL beer, (2) quotes from Defendant's own website, that Defendant's CERVEZA PALMA is "inspired by the number #1 selling beer in Cuba and the favorite beer of Cuba for more than 75 years"; (3) alleges that Defendant "accessed and copied the Three Palms Logo and has used and/or modified the Three Palms Logo in [its] business;" and (4) alleges that "[a]t the time [Defendant] applied to register the CERVEZA PALMA and Design Mark, [Defendant] had knowledge of Plaintiffs' copyrighted Three Palms Logo." Compl. ¶¶21–24, 51, 54, 69. Defendants do not cite a single case supporting their argument that Plaintiffs' allegations are insufficient.

Defendant also argues that the parties' logos are not substantially similar as a matter of law. Mot. at 11–12. However, Defendant does not cite any law to support dismissing Plaintiffs' copyright infringement claim on this basis. *See Tolbert v. Discovery, Inc.*, No. 4:18-cv-00680,

2020 WL 3269148, at *3 (N.D. Ala. Jun. 17, 2020) ("[T]he Eleventh Circuit has recognized that non-infringement may be determined as a matter of law on a motion for *summary judgment*," but "a lack of complete clarity remains regarding whether courts in this circuit should dismiss copyright claims under Rule 12(b)(6) because of a lack of substantial similarity.") (citations and quotations omitted).

Moreover, Defendant's argument that "[t]here are almost no similarities between the two logos" (Dkt. 10 at 13) is disingenuous, at best, because Defendant previously argued in support of its Motion for a Preliminary Injunction in the Soltura Infringement Suit that the *exact* designs at issue here have "striking similarities":

> Like PALMA® beer, 'Tropi Crystal' beer comes in aluminum cans with, ***astonishingly, exactly the same distinctive design features as [Defendant]'s protected trade dress***, including, ***a white oval displaying a palm tree image*** . . . These ***striking similarities*** are obviously not a coincidence.

Exhibit 4 at 6 (emphasis added). Clearly, even Defendant believes the designs are "strikingly similar."

Because Defendant made an entirely inconsistent argument in the lawsuit preceding this one, Defendant should be judicially estopped from arguing in this case that the designs are not "strikingly similar." *See U.S. v. Campa*, 459 F.3d 1121, 1152 (11th Cir. 2006) (judicial estoppel "bars a party from asserting a position in a legal proceeding that is inconsistent with its position in a previous, related proceeding."); *see also Slater v. U.S. Steel Corp.*, 871 F.3d 1172, 1188–81 (11th Cir. 2017) ("Stated simply, the doctrine of judicial estoppel rests on the principle that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursing an incompatible theory.") (citations and quotations omitted).

To determine whether judicial estoppel applies, the Court must determine (1) whether Defendant's position in its Motion is "clearly inconsistent" with its earlier position in the Soltura Infringement Suit; (2) whether Defendant was successful in persuading a court to accept its earlier position; and (3) whether defendant would derive an unfair advantage or impose an unfair detriment on Plaintiff if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Here, Defendant's prior statements in support of its motion for a preliminary injunction that the trade dress encompassing the Defendant's infringing palm tree logo is "strikingly similar" to Plaintiffs' trade dress encompassing the Three Palms Logo is "clearly inconsistent" with its position now—*i.e.*, that they are *not* strikingly similar. And while the prior court dismissed Defendant's claim for improper venue without opining on the merits, Defendant's only purpose in making this new inconsistent statement is to gain an unfair advantage—dismissal of Plaintiffs' copyright infringement claim. Defendant's calculated change of position seeks to "make a mockery out of the judicial system." [need cite] Accordingly, Defendant must be judicially stopped from arguing that Defendant's palm tree logo is not "striking similar" to Plaintiffs' Three Palms Logo. *See e.g.*, *Korman v. Iglesias*, No. 18-21028, 2018 WL 4410226, at *4 (S.D. Fla. Jun. 28, 2018) (plaintiff judicially estopped from claiming sole ownership of copyright).

Moreover, Defendant does not argue, nor can it, that Plaintiffs have not sufficiently pled copying where the Complaint alleges that (i) Defendant's website states that CERVEZA PALMA is "inspired by the number #1 selling beer in Cuba and the favorite beer of Cuba for more than 75 years"; (ii) Defendant uses a design encompassing the infringing design on its product packaging; (iii) Defendant "accessed and copied the Three Palms Logo and has used and/or modified the Three Palms Logo in [its] business"; (iv) Defendant "was not permitted to copy, publish, or modify the Three Palms Logo, or create any derivative works for any purpose"; (v) Defendant

"purposefully and willfully copied, modified, and/or created derivative works of the Three Palms Logo"; and (vi) Defendant "has infringed the Three Palms Logo and the copyrighted owned by [Plaintiffs] . . .through the copying and publication [of Plaintiffs'] (1) original works and (2) derivative works which copy elements of the Three Palms Logo, which has harmed and continues to harm [Plaintiffs]." Dkt. 1 ¶¶51–56. Because Plaintiffs have sufficiently pled access and copying, Defendants' Motion to Dismiss Plaintiffs' copyright infringement claim should be denied.

### C.     Plaintiffs Adequately State a Claim For False Advertising.

#### 1.     *Defendant Applies the Wrong Factors for Pleading False Advertising.*

Defendant's argument for dismissing Plaintiffs' false advertising claim fails as a matter of law. Mot. at 13–18. Despite the fact that the title of Count III in Plaintiffs' Complaint reads, "False Advertising under the Lanham Act," *see* Compl. at 28, Defendant has misinterpreted this as a claim for "false designation of origin or 'passing off.'" Mot. at 14. However, false advertising and false designation of origin are two distinct claims under the Lanham Act with two very different pleading requirements. *See Lexmark Int'l, Inc. v. Static Control Comp.*, 572 U.S. 118, 122 (2014) ("Section 1125(a) thus creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B).").

On the one hand, false advertising—the claim Plaintiffs pled—requires a showing that (1) the defendant's advertisements were false or misleading; (2) the defendant's advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresentation affected interstate commerce; and (5) the plaintiff has been, or is likely to be, injured as a result of the false advertising. *See* 11th Cir. Pattern Jury Instr. Civ. 10.8 (2020); *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1316 (11th Cir. 2020). On the other hand, false designation of origin, or "passing off," requires a showing that "(1) the plaintiff had enforceable trademark rights in the mark or name, and (2) that defendant made an

unauthorized use of the mark such that consumers were likely to confuse the two." *Custom Mfg. and Engineering, Inc. v. Midway Services, Inc.*, 508 F.3d 641, 647–48 (11th Cir. 2007) (citations and quotations omitted).

Confusingly, Defendant's Motion conflates the two separate and distinct bases for liability under 15 U.S.C. § 1125(a). Mot. at 13–18. At first, Defendant asserts that Plaintiffs bring a claim for "false designation of origin or 'passing off,'" *id.* at 14, and then presents argument regarding the requirements for standing to bring a false advertising claim, *id.* at 15–17. Defendant then devotes pages of argument to its argument that Plaintiffs have "failed to state facts sufficient to sustain a claim under 15 U.S.C. § 1125(a) for false designation of origin." *Id.* at 17–18.

Defendant's arguments miss the mark. Plaintiffs do not bring a claim for false designation of origin or passing off. The claim is for false advertising. As the Supreme Court recognized in *Lexmark*, liability for false advertising under 15 U.S.C. § 1125(a) arises when "in ***commercial advertising or promotion***, [a person] ***misrepresents the*** nature, characteristics, qualities, or ***geographic origin of his or her or another person's goods, services, or commercial activities***." *Lexmark*, 572 U.S. at 122 (*quoting* 15 U.S.C. § 1125(a)(1)(B)) (emphasis added). As shown herein, Plaintiffs have amply pleaded the facts to support false advertising under the Lanham Act and their standing to bring this claim. As a result, Defendant's arguments regarding false designation of origin are wholly inapplicable here and fail as a matter of law.

### 2.    *Plaintiffs Have Standing to Assert Their False Advertising Claim.*

#### a.    **Plaintiffs Sufficiently Allege That They Are Within The "Zone of Interests" Protected By The Lanham Act.**

In *Lexmark,* the Supreme Court held that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege ***an injury to a commercial interest in reputation or sales***." *Lexmark*, 572 U.S. at 131–32 (emphasis added). As noted by the Court, "a

typical false-advertising case will implicate only the [Lanham] Act's goal of 'protecting persons engaged in commerce within the control of Congress against unfair competition." *Id*. at 131 (alterations omitted). Applying this test, the Court held that "[t]here is no doubt that [the plaintiff] is within the zone of interests protected by the statute" where the plaintiff's "alleged injuries—lost sales and damage to its business reputation—are injuries to precisely the sorts of commercial interests the [Lanham] Act protects." *Id.* at 137. As the Court explained, the plaintiff was "suing not as a deceived consumer, but as a 'perso[n] engaged in' 'commerce within the control of Congress' whose position in the marketplace has been damaged by [the defendant's] false advertising." *Id.*

Here, there can be no question that Plaintiffs' allegations establish that they are within the "zone of interests" protected by § 1125(a). Specifically, Plaintiffs allege facts supporting their direct lineage to the original CRISTAL beer and trade dress as produced and sold by Plaintiffs' predecessor prior to the Castro revolution, Compl., ¶¶17–34; the efforts by Plaintiffs and their predecessors over the years to relaunch the CRISTAL beer and trade dress in the United States, *id.* ¶¶35–42; the reestablishment of the Cervecería La Tropical brewery in Miami and the relaunch in the United States of LA TROPICAL beer, *id.* ¶¶43–45; and the launch of TROPI CRYSTAL beer brewed based on the original recipe for CRISTAL beer and paying homage to the CRISTAL trade dress, *id.* ¶¶46–48.

Further, Plaintiffs allege that Defendant, who has no connection with the original CRISTAL beer from Cuba, is marketing and selling its PALMA beer to consumers in South Florida and elsewhere by misleading consumers into believing that its beer is produced in Cuba or otherwise connected with the original CRISTAL beer from Cuba when it is not, and that such

misrepresentations have caused and are continuing to cause damage to Plaintiffs' business and reputation. Compl., ¶¶49–65.

The allegations in the Complaint make clear that Plaintiffs are suing "as a 'perso[n] engaged in' 'commerce within the control of Congress' whose position in the marketplace has been damaged by [the defendant's] false advertising." *Lexmark*, 572 U.S. at 137. Plaintiffs have thus sufficiently alleged that they are within the zone of interests protected by the Lanham Act.

### b.    Plaintiffs Sufficiently Allege Proximate Cause.

As the Supreme Court recognized in *Lexmark*, the "classic" Lanham Act false advertising case is one in which "one competitor directly injures another by making false statements about his own goods or the competitor's goods and thus inducing consumers to switch." *Id.* at 137–38 (citations and quotations omitted). "But although diversion of sales to a direct competitor may be the paradigmatic direct injury from false advertising, it is not the only type of injury cognizable under § 1125(a)." *Id.* at 138.

Here, Defendant admits that the parties are ***direct competitors*** in the beer industry. Mot. at 1, 8. The proximate cause requirement is thus easily met here, as the allegations in the Complaint show that Plaintiffs have been directly harmed by Defendant's false advertising.

For example, Plaintiffs allege that (1) Defendant's beer is not now nor has it ever been brewed in Cuba or with any ingredients originating from Cuba, nor has it been offered for sale or sold in Cuba; (2) the label design used by Defendant is virtually identical to that used by the producer of CRISTAL in Cuba, and as a result, consumers have been actually confused as to whether Defendant's beer is brewed in Cuba, is affiliated with the producer of CRISTAL beer, and/or is otherwise connected or affiliated with the Cuban government and is being imported into the U.S. in violation of the embargo against Cuba; (3) Defendant's packaging and point-of-sale displays contain the phrase "La Preferida de CUBA" despite the fact that the product is not made

in Cuba, imported from Cuba, sold in Cuba, nor does it contain any Cuba-derived ingredients; (4) Defendant's actions have had a material effect on the purchasing public's decisions because consumers believe that they are buying a beer associated with the original, famous CRISTAL beer, and/or a beer that emanates from Cuba, when they are not; and (5) as a result, Plaintiffs, who do have a connection to the original CRISTAL beer and to Cuba, are being harmed by Defendant's false advertising. Compl., ¶¶60–65, 108–118.

Contrary to Defendant's argument, the harm alleged by Plaintiffs is hardly "indirect" or "remote." Mot. at 16–17. Rather, it is harm suffered by a direct competitor in the same industry in which Defendant does business. Where, as here, "the injury alleged is so integral an aspect of the [violation] alleged, there can be no question that proximate cause is satisfied." *Lexmark*, 572 U.S. at 139. And Defendant's contention that Plaintiffs' harm is somehow "derivative" of consumer deception, Mot. at 16, was squarely rejected by the Supreme Court in *Lexmark*:

> In a sense, of course, all commercial injuries from false advertising are derivative of those suffered by consumers who are deceived by the advertising; but since the Lanham Act authorizes suit only for commercial injuries, the intervening step of consumer deception is not fatal to the showing of proximate causation required by the statute.

*Lexmark*, 572 U.S. at 133. As Plaintiffs have sufficiently pled proximate cause, Defendant's motion to dismiss Plaintiffs' false advertising claim under the Lanham Act should be denied.[5]

### D. Plaintiffs State a Claim for Cancellation of Defendants' Trademark Registration.

Defendants argue that the Court should dismiss Plaintiffs' claim to cancel Defendant's trademark registration on the sole ground that Plaintiffs have allegedly not sufficiently pled their

---

[5] Because Plaintiffs have sufficiently pled a claim for false advertising under the Lanham Act, Plaintiffs' Count IV for Violation of Florida's Deceptive and Unfair Trade Practices Act is sufficiently pled as well. *See e.g.*, *Wyndham Vacation Ownership, Inc. v. Clapp Business Law, LLC*, 411 F. Supp. 3d 1310, 1320 (M.D. Fla. 2019) (denying motion to dismiss FDUPTA claim on same basis as Lanham Act claims).

copyright infringement and Lanham Act claims. Mot. at 19–20. However, as explained above, Plaintiffs have properly pled both claims. Therefore, there is no basis to dismiss Count V of Plaintiffs' Complaint. *See e.g.*, *Carano v. Vina Concha y Toro S.A.*, 67 U.S.P.Q.2d 1149, at *4 n.4 (T.T.A.B. 2003) (dismissing opposition in TTAB where TTAB did not have authority to cancel trademark registration on basis of copyright infringement, but holding that because proceeding was dismissed without prejudice, "if the court, in the pending copyright infringement suit, finds the design portion of applicant's mark to infringe opposer's copyright, but does not order, pursuant to Section 37 of the Trademark Action, 15 U.S.C. § 1119, the cancellation of any registration which may have issued from the subject application, opposer could subsequently file a Petition to Cancel which pleads unlawful use based on the court's determination of copyright infringement.").[6]

### E.    In the Alternative, Plaintiffs Should Be Granted Leave to Amend.

Should the Court be inclined to grant Defendant's Motion, Plaintiffs should also be granted leave to amend their Complaint to add additional factual allegations and support to their already-detailed pleading. "District courts should freely grant leave to amend a pleading when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). And courts frequently grant such requests where the proposed amendment would not be futile. *See, e.g., Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180, at *7 (S.D. Fla. Jan. 28, 2016)

---

[6] Equally without merit is Defendant's contention that Plaintiffs failed to state facts "to establish that Defendant knew of should have known" that its unauthorized use of a copy of the Three Palms Logo would violate Plaintiffs' right.  Mot. at 20. As shown, the copyright registration for the Three Palms Logo was issued by the U.S. Copyright Office and in the public record as of July 12, 1999, years before Defendant launched its CERVEZA PALMA beer in cans bearing the infringing palm tree logo.

("[C]onsistent with Rule 15(a), unless there is 'substantial reason' to deny leave to amend, the court's discretion is not broad enough to permit denial.").

**F.      Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully submitted, this 20th day of December, 2023.

*/s/Mark A. Salky*

Mark A. Salky (Florida Bar No.: 58221)
Email: mark.salky@gtlaw.com
James E. Gillenwater (Florida Bar No.: 1013518)
Email: gillenwaterj@gtlaw.com
GREENBERG TRAURIG, P.A.
333 SE 2nd Avenue, Suite 4400
Miami, FL 33131
Tel.: (305) 579-0500
Facsimile: (305) 579-0717

Steven J. Wadyka Jr. (admitted *pro hac vice*)
wadykas@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

*Attorneys for Plaintiffs*
*Lagunitas Brewing Company d/b/a Cervecería La*
*Tropical and La Tropical Holdings B.V.*