IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-24350-GAYLES/LOUIS

| | |
|---|---|
| LAGUNITAS BREWING COMPANY d/b/a CERVECERIA LA TROPICAL, and LA TROPICAL HOLDINGS B.V., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SOLTURA, LLC dba BUCANERO USA, | ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 15(a) and the Court's October 24, 2024 Order (the "Order"), Plaintiffs Lagunitas Brewing Company d/b/a Cerveceria La Tropical ("La Tropical") and La Tropical Holdings B.V. ("Holdings") (together, "Plaintiffs") submit this Motion for Leave to File Amended Complaint (the "Motion") to re-plead Counts III and IV against Defendant Soltura, LLC d/b/a Bucanero USA's ("Soltura") for false advertising under the Lanham Act and for violating the Florida Deceptive and Unfair Trade Practices Action ("FDUTPA") consistent with the Court's Order. Plaintiffs also seek leave to amend to add Martin Wadley, Soltura's founder, managing member, and sole employee, as a defendant in his individual capacity. The proposed First Amended Complaint is attached hereto as Exhibit 1 and a redline of showing the proposed changes is attached hereto as Exhibit 2.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 13, 2023, Plaintiffs filed this action against Soltura for, among other things,

1

false advertising under the Lanham Act and deceptive and unfair trade practices under the FDUTPA. (*See generally* Compl. [ECF 1].) As described in more detail below, Plaintiffs' claims are based on actions taken by Soltura and its founder and managing member, Martin Wadley (together, "Defendants"), to deceive Cuban-American consumers in South Florida and elsewhere to the detriment of these consumers and Plaintiffs.

Prior to the Castro revolution in 1960, Plaintiffs' predecessors owned the famous Cuban brewery Cerveceria La Tropical, which operated for nearly 80 years. During its decades-long tenure, Cerveceria La Tropical produced beer under the marks CERVEZA CRISTAL and PALMA CRISTAL (together, "CRISTAL"), which quickly became Cuba's most popular beer. In 1960, Cerveceria La Tropical, including all of its property and assets and the assets of the Blanco-Herrera family, who owned a controlling stake in the brewery, were illegally seized and confiscated by the Cuban government. Today, the Cuban government continues to sell the illegally-seized CRISTAL through a state-owned entity called "Bucanero S.A."

Like many other Cuban families escaping the Castro government, the Blanco-Herrera family was forced to flee in exile to Miami, Florida. When they arrived, the Blanco-Herrera family attempted to pick up where they had left off in Cuba with Cerveceria La Tropical, as they never intended to abandon their famous brands. They launched CRISTAL in the U.S., but were unable to continue producing and selling the beer due to financial restraints. In 1998, a descendant of the Kohly family (which owned the land in Cuba on which the Cerveceria La Tropical brewery was built), Manuel Portuondo, in collaboration with Ramon Blanco-Herrera, a member of the Blanco-Herrera family, sought to reinstate the families' business and sell CRISTAL in the U.S. The Blanco-Herrera family assets in Cerveceria La Tropical were transferred to Three Palms Holdings, LLC ("Three Palms"), a company owned by Mr. Portuondo, Ramon Blanco-Herrera, and other

2

mostly Cuban-American investors from Miami. Among the assets assigned was the famous CRISTAL recipe. In 2017, the assets of Three Palms were acquired by the Heineken Group.

In 2018, construction began on the new La Tropical Miami brewery and tap room which now functions as a hub for the thriving Cuban American community in Miami. Shortly thereafter, in March 2023, Plaintiffs introduced their TROPI CRYSTAL brand of beer, which pays homage to the original CRISTAL beer from Cuba. Indeed, the recipe is based on the original CRISTAL recipe, which Plaintiffs' predecessor acquired in 2001.

While Plaintiffs were opening the new La Tropical Miami brewery in 2018, Defendant Soltura's founder and managing member, Martin Wadley, was devising a scheme to deceive and capitalize on the Cuban-American market in the U.S. Mr. Wadley sent to his designers an image of the PALMA CRISTAL label design and directed them to put it in a format sufficient to create a label – in other words, to copy the design in its entirety:



Mr. Wadley and others have testified that Defendant intended to capitalize on the significant Cuban-American population in South Florida. The label design and packaging for Defendant's CERVEZA PALMA beer is nearly identical to the CRISTAL labels, down to the phrase "La Preferida de CUBA":

3



Despite claiming that CERVEZA PALMA is "La Preferida de CUBA" (the preferred beer of Cuba), Mr. Wadley admitted in discovery that CERVEZA PALMA beer has never been sold in Cuba, consumed by people in Cuba, nor does it nor any of its ingredients come from Cuba. Moreover, neither Soltura nor Mr. Wadley have any ties to CRISTAL or the Blanco-Herrera family that created the famous Cuban brand.

Not surprisingly, there have been multiple instances of documented confusion in the marketplace, with consumers believing – due to Soltura's use of a label design that is virtually identical to the label currently used for the CRISTAL beer brewed and sold in Cuba, as well as the slogan "La Preferida de CUBA" that appears on each can of beer and in all marketing and

4

packaging for CERVEZA PALMA– that CERVEZA PALMA is brewed in Cuba, sold in Cuba, consumed by people in Cuba, affiliated with the Cuban government, or affiliated with the famous Cuban CRISTAL beer. Indeed, Plaintiffs learned in discovery that Soltura's own marketing teams and distributors have been mistakenly believed that CERVEZA PALMA is associated with CRISTAL, when it is not.

All of Soltura's unlawful actions – which have been at the direction of and approved by Mr. Wadley – have been to the detriment of Plaintiffs. Specifically, Soltura's false advertising has led consumers to mistakenly believe that it is CERVEZA PALMA beer that has a lineage traced back to the Cerveceria La Tropical in pre-Castro Cuba and the famous Cuban CRISTAL beer, when it is Plaintiffs' TROPI CRYSTAL beer that has the true connection. As a result, Soltura, through its false advertising, has grabbed for itself the Cuban-American market in South Florida, consumers who would have purchased Plaintiffs' TROPI CRYSTAL but for Soltura's false advertising.

On October 24, 2024, the Court granted in part and denied in part Soltura's Motion to Dismiss Plaintiffs' Complaint. In its Order, the Court dismissed Counts III and IV (Plaintiffs' Lanham Act false advertising claim and FDUTPA claim) *without* prejudice, and granted Plaintiffs the opportunity to seek leave to file an amended complaint within twenty days of the date of the Order. *See* Exs. 1 and 2.

## LEGAL ARGUMENT

### I. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been filed, a party may amend the complaint only by leave of court or by written consent of the adverse

5

party. Fed. R. Civ. P. 15(a). Leave shall be freely given when justice so requires. *Id*. In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). District courts have "limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation, internal quotation marks, and alterations omitted). *See also Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial."); *Solu-Med, Inc. v. Youngblood Skin Care Prods, LLC*, Case No. 19-60487-CIV-Altman/Hunt, 2020 WL 3487881, at *2 (S.D. Fla. June 4, 2020) (holding that the "justice so requires test" means that leave must be granted unless "there is a substantial reason to deny leave."). A "substantial reason to deny leave" exists ***only*** where there has been "(1) undue delay, (2) undue prejudice, or (3) futility of the amendment." *Solu-Med*, 2020 WL 3487781, at *2 (quotation marks and citations omitted).

### II.     There Are No "Substantial Reasons" to Deny Plaintiffs Leave to Amend.

Plaintiffs seek leave to amend their Lanham Act false advertising and FDUTPA claims to comport with the Court's notice pleading requirements and to the cure deficiencies relating to Plaintiffs' allegations of harm in the original Complaint. Plaintiffs also seek leave to add Martin Wadley (Soltura's founder, managing member, and sole employee) as a defendant given his active participation in Soltura's false advertising, unfair and deceptive trade practices, copyright infringement, and fraudulent statements to the United States Patent and Trademark Office

("USPTO") made in the process of filing Soltura's trademark application for the CERVEZA PALMA & Design mark.

### A. Amendments Regarding Harm to Plaintiffs

First, there exist no substantial reasons to deny Plaintiffs leave to amend to cure the deficiencies the Court identified in its Order granting, in part, Soltura's Motion to Dismiss. First, there is no undue delay as the Court dismissed Counts III and IV of Plaintiffs' Complaint *without* prejudice, and with the opportunity to request leave to refile within 20 days of the date of the Order. *See* [ECF No. 45] at 15. Plaintiffs' request comes within the 20-day time period, and therefore, is timely.

Second, there is no undue prejudice to Soltura or Wadley (Soltura's sole employee) because Soltura had the full opportunity to - and did - engage in discovery relating to Plaintiffs' false advertising and FDUTPA claims, including as to the facts now alleged in the proposed First Amended Complaint regarding harm. And each side engaged survey experts to conduct surveys specifically directed at the claim for false advertising.

Lastly, the proposed amendments should not be denied on the basis of futility. In this District, "[l]eave to amend should not be denied on the ground of futility unless the proposed amendment is ***clearly insufficient or frivolous on its face***." *Youngblood*, 2020 WL 3487881, at *3 (emphasis added). Here, the proposed amendments in Plaintiffs' First Amended Complaint are not "clearly insufficient or frivolous on [their] face," as they cure specific deficiencies that the Court identified in its Order regarding the harm Plaintiffs have suffered as a result of Soltura's (and Wadley's) false advertising and deceptive and unfair trade practices. Specifically, after now having the full benefit of fact discovery, Plaintiffs allege that Defendants' false advertising has materially deceived consumers such that Soltura's target market (Cuban Americans in South Florida and

elsewhere) purchased Soltura's CERVEZA PALMA beer because of the false impression that Defendant's beer is associated with the famous Cuban CERVEZA CRISTAL brand when it is not and that it has a direct lineage to the Blanco-Herrera family and the original Cerveceria La Tropical brewery in pre-Castro Cuba, when it does not. As a result, Defendants have unlawfully stepped into Plaintiffs' shoes – who have a true affiliation with the famous Cerveceria La Tropical brewery in pre-Castro Cuba and the original Cuban CERVEZA CRISTAL brand, including receiving the recipe for the CRISTAL beer – and reaped the benefits of (including sales) of this affiliation that rightfully belongs to Plaintiffs. Because the proposed amendments in the First Amended Complaint further expand on and cure the deficient pleadings in the original Complaint, the Complaint is not "clearly insufficient or frivolous on its face," and therefore, leave should be granted.

### B.  Amendment to Add Martin Wadley as a Defendant

There also exist no substantial reasons to deny Plaintiffs leave to amend to add Mr. Wadley as a defendant in this case. It is well established that an individual may be personally and individually liable for false advertising if the individual "actively participated as a moving force in the decision to engage in" the false advertising or "otherwise caused" the false advertising as a whole to occur. *See Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1160-61 (11th Cir. 2022) (citing *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (applying standard to false advertising claims). That is, "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity is personally liable." *Id.* at 1161 (citing *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1984)). An individual may also be personally and individually liable under the FDUTPA and the Copyright Act. *See e.g.*, *Ally v. Set 333, LLC*, Case No. 6:19-cv-2088-Orl-22LRH, 2020 WL 13646760, at *7

(M.D. Fla. Apr. 7, 2020) (denying motion to dismiss individual defendant alleged to have violated FDUTPA); *Fed. Trade Comm'n v. Student Aid Center, Inc.*, 281 F. Supp. 3d 1324, 1336-37 (S.D. Fla. 2016) (denying motion to dismiss individual defendant alleged to have violated FDUTPA); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 842-45 (11th Cir. 1990) (affirming summary judgment against individual defendant for direct copyright infringement where individual defendant was also the president, director and shareholder of copyright defendant); *Graylock v. Trust Counsel, PLLC et al.*, Case No. 1:23-cv-20576-KLM, 2023 WL 11951605, at *2 (S.D. Fla. Oct. 24, 2023) (denying motion to dismiss individual defendant alleged to have violation Copyright Act).

Here, discovery has shown that Mr. Wadley, the founder, managing member, and sole employee of Defendant Soltura, directed, controlled, ratified, participated in, and was the moving force behind the false advertising, deceptive and unfair trade practices, and copyright infringement. It was Mr. Wadley who sent an image of the Cuban PALMA CRISTAL label to his label designer and asked him to convert it to an image that was sufficient to print on packaging; it was Mr. Wadley who directed his label designers to use the same colors, imagery, and the slogan "La Preferida de CUBA" on the marketing and packaging for CERVEZA PALMA beer; it was Mr. Wadley who chose this label design and packaging to capitalize on the South Florida market, i.e., Cuban-American consumers who would recognize the CERVEZA CRISTAL label used on the CERVEZA PALMA beer and packaging and associate them as one and the same; and it was Mr. Wadley who personally directed and approved the marketing and promotion of CERVEZA PALMA, which has resulted in consumer confusion and deception as to where CERVEZA PALMA comes from, that it is the preferred beer of Cuba, and that it is associated with the famous Cuban CRISTAL brand, the Blanco Herrera family, and the Cerveceria La Tropical brewery in

9

pre-Castro Cuba. As a result of Mr. Wadley's direction and participation in the false advertising, deceptive and unfair trade practices, and copyright infringement, as alleged in the First Amended Complaint, Plaintiffs have been harmed, including through sales lost to Soltura, which, but for Soltura's false advertising, would have gone to Plaintiffs who have a true connection to the CERVEZA CRISTAL brand, the Blanco-Herrera family, and the Cerveceria La Tropical brewery in pre-Castro Cuba..

Soltura's disclosure in fact discovery of Mr. Wadley's personal role in the unlawful activity supports adding him as a defendant in this case. Plaintiffs' proposed amendment is neither untimely nor unduly prejudicial to Mr. Wadley. Plaintiffs' counsel previously advised Soltura's counsel that Plaintiffs intended to amend the Complaint to add Mr. Wadley as a Defendant. Plaintiffs held the second deposition of Mr. Wadley on September 12, 2024, at which Mr. Wadley confirmed his participation in the unlawful acts. Now, upon receiving the Court's Order on Soltura's Motion to Dismiss, Plaintiffs seek leave to amend to add Mr. Wadley as a defendant within the 20-day timeline set forth by this Court. Accordingly, Plaintiffs' Motion for Leave to Amend is not untimely.

Moreover, because Mr. Wadley is the founder and managing member of Soltura, and because Mr. Wadley is a primary decision-maker relating to all marketing, advertising, and promotion of the CERVEZA PALMA beer, Mr. Wadley has already had the opportunity to engage in discovery and, through Soltura, did engage in discovery regarding each of Plaintiffs' claims. Accordingly, Mr. Wadley is not unduly prejudiced by the proposed amendment.

Lastly, Plaintiffs' proposed addition of Mr. Wadley as a defendant is not "clearly insufficient or frivolous on its face," as it is clear from discovery and the allegations set forth in the First Amended Complaint, that Mr. Wadley directed, controlled, ratified, participated in, and

was the moving force behind the false advertising, deceptive and unfair trade practices, and copyright infringement. *Youngblood*, 2020 WL 3487881, at *3.

Accordingly, and for each of the above reasons, leave to amend should be freely granted to Plaintiffs as proposed in the First Amended Complaint attached hereto as Exhibit 1.

## CONCLUSION

For the foregoing reasons, Plaintiffs' proposed amendment as identified in the First Amended Complaint should be allowed and Plaintiffs respectfully request that the Court issue an order allowing the amendment and accepting for filing the First Amended Complaint.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned hereby certify that they conferred in good faith with opposing counsel in person on August 20, 2024 regarding adding Martin Wadley as an individual defendant, and by Zoom conference on November 4, 2024 regarding amending the Complaint in response to the Court's Order. During the November 4th Zoom conference, Defendants' counsel expressed a likely opposition to any motion for leave to file an amended complaint but requested a copy of the proposed amended complaint, which was still being drafted. On November 11 and 12, 2024, Plaintiffs' counsel also exchanged emails with opposing counsel to confirm counsel's discussion on August 20 and November 4, 2024. Defendants' counsel now disputes that the parties' counsel met and conferred about adding Mr. Wadley as a defendant on August 20th. On November 12, 2024, in response to Defendants' correspondence, Plaintiffs' counsel requested Defendants' counsel's availability to further discuss the proposed amendment today, November 13, 2024. Defendants' counsel refused, citing "other commitments." Plaintiffs' counsel sought to accommodate Defendants' counsel schedule but did not receive a response. Plaintiffs' counsel emailed the proposed Amended Complaint along with a redlined version showing all changes

11

made against the original Complaint to Defendants' counsel at 10:05 a.m. this morning (7:05 a.m. where Defendants' lead counsel, Jeff Farrow, is located), right when it was finalized, requesting a further meet and confer call today to discuss. Defendants' counsel did not respond until 4:02 p.m., in which he indicated he "just opened the pdf for the new complaint," and would not be able to provide a response today. While Defendants' counsel refuses to state whether he will consent to Plaintiffs' Motion, Plaintiffs assume that Defendants oppose it.

Respectfully submitted, this 13th day of November, 2024.

/s/ Mark A. Salky

Mark A. Salky (Florida Bar No.: 58221)
Email: mark.salky@gtlaw.com
James E. Gillenwater (Florida Bar No.: 1013518)
Email: gillenwaterj@gtlaw.com
Emiley Pagrabs (Florida Bar No.: 1030834)
Email: pagrabse@gtlaw.com
GREENBERG TRAURIG, P.A.
333 SE 2nd Avenue, Suite 4400
Miami, FL 33131
Tel.: (305) 579-0500
Facsimile: (305) 579-0717

Steven J. Wadyka Jr.* (admitted *pro hac vice*)
wadykas@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

Molly R. Littman-Johnson* (admitted pro hac vice)
Email: molly.littman@gtlaw.com
GREENBERG TRAURIG LLP
90 South 7th Street
Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700

*Attorneys for Plaintiffs*
*Lagunitas Brewing Company d/b/a Cerveceria La Tropical and La Tropical Holdings B.V.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of November, 2024, I filed the foregoing document through the Court's CM/ECF system, which will send service copies by e-mail to counsel included in the below service list.

/s/ *Mark A. Salky*
MARK A. SALKY

## SERVICE LIST

| **GORDON REES SCULLY MANSUKHANI, LLP**<br>Joseph A. Sacher<br>Florida Bar No. 174920<br>100 S.E. 2nd Street<br>Miami, FL 33131<br>Telephone: (305) 428-5339<br>Email: jsacher@grsm.com<br>***Counsel for Defendant*** | **MICHELMAN & ROBINSON, LLP**<br>Jeffrey D. Farrow, Esq. (*Pro Hac Vice*)<br>17901 Von Karman Avenue, 10th Floor<br>Irvine, CA 92614<br>Telephone: (714) 557-7990<br>Email: jfarrow@mrllp.com<br><br>***Counsel for Defendant*** |
|---|---|